UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOSS ENTERPRISES LLC,<br><br>　　　　Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS**<br><br>[Re: ECF 29] |

In this patent infringement action, plaintiff Fitness Anywhere LLC seeks to dismiss defendant Woss Enterprises LLC's counterclaims for declaratory judgment of invalidity and non-infringement. Having carefully considered the parties respective written submissions, the Court deems the matter suitable for submission without oral argument and accordingly VACATES the motion hearing scheduled for October 2, 2014. Civ. L.R. 7-1(b). For the reasons set forth below, Plaintiff's Motion to Dismiss is DENIED.

**I.　BACKGROUND**

Plaintiff (doing business as TRX) provides fitness-related technology, equipment, workout programs, and education courses and sells, among other things, resistance products, including various straps and ropes, designed for body-weight resistance exercise. Compl. ¶¶ 9, 14. Plaintiff owns, by assignment, United States Patent Nos. 7,044,896; 7,806,814; and 8,043,197 (collectively, "Asserted Patents"), which are directed toward exercise devices and their components. *Id.* ¶¶ 10-12. Plaintiff also owns a federal trademark and service mark registration for the SUSPENSION TRAINING mark. *Id.* ¶¶ 15-16.

Defendant manufactures, distributes, and sells competing fitness-related technology and equipment under a variety of names and allegedly uses variations of the terms SUSPENSION

TRAINING and SUSPENSION TRAINER on its products and website. *Id.* ¶¶ 17-18.

On March 21, 2014, Plaintiff sent Defendant a cease-and-desist letter concerning Plaintiff's patents and marks and, on April 14, 2014, Plaintiff instituted the instant action against Defendant claiming infringement of the Asserted Patents, trademark infringement, federal unfair competition, state unfair competition, and tortious interference with prospective economic relationships. *Id.* ¶¶ 20-45. Defendant denied these allegations and counterclaimed for declaratory judgment that the Asserted Patents are invalid and not infringed.

The motion presently before the Court challenges the sufficiency of Defendant's First Amended Counterclaims. First Amended Answer and Counterclaims, ECF 31.[1] Defendant alleges that each claim of the Asserted Patents is "invalid, void and unenforceable for failure to satisfy the requirements of 35 U.S.C. §§ 100 *et seq.* and specifically is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112." Counterclaims ¶ 4. Defendant further alleges that each of its products identified in Paragraph 17 of Plaintiff's Complaint does not infringe the Asserted Patents. *Id.* ¶ 7. Plaintiff seeks to dismiss both counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Pl.'s Mot., ECF 29.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A motion to dismiss a counterclaim under Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to

---

[1] Defendant filed an Answer and First Amended Counterclaim on August 8, 2014, ECF 28, whereupon Plaintiff filed the present motion. The parties then stipulated to permit Defendant to file a First Amended Answer and First Amended Counterclaim wherein the only change was to one of Defendant's affirmative defenses. ECF 30, 31. References to Defendant's counterclaims shall be made to the currently operative pleading—the First Amended Answer and First Amended Counterclaim at ECF 31.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.   DISCUSSION

#### A.   Invalidity Counterclaim

Plaintiff seeks to dismiss Defendant's "bare bones" invalidity counterclaim for failure to allege sufficient facts to show that the Asserted Patents are invalid and unenforceable. Pl.'s Mot. 3-5. In support of its position, Plaintiff points to courts that have applied the pleading standards enunciated in *Twombly* and *Iqbal* to counterclaims for invalidity and dismissed as "radically insufficient" allegations that simply cite provisions of the Patent Act. *Id.* at 4 (citing *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298 (C.D. Cal. May 1, 2013); *PageMelding, Inc. v. ESPN, Inc.*, No. C-11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)). Defendant argues that this district's local patent rules, with its schedule of early contention disclosures, should operate to relax pleading standards and that, accordingly, its bare reference to the statutory grounds of invalidity is sufficient to state a claim. Def.'s Opp. 3-8.

Courts in this district have disagreed over the amount of specificity required to satisfy Rule 8(a) when an accused infringer seeks a declaration of patent invalidity. *Compare Wistron Corp. v. Phillip M. Adams & Associates, LLC,* No. C-10-4458 EMC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) *and ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) *with PageMelding*, 2012 WL 3877686, *and Qarbon.com*, 315 F. Supp. 2d 1046. This Court need not weigh in on the debate over the significance of the patent local rules in regard to pleading standards because here, the Court finds that Defendant's allegations are sufficient.

Defendant alleges that the Asserted Patents are invalid for failing to comply with the specific statutory subparts of "§§ 101, 102, 103 and/or 112." Defendant is therefore not asserting

all grounds of invalidity and unenforceability under the Patent Act.[2] Additionally, Defendant explains these grounds of invalidity in detail in its affirmative defenses. First Amended Answer ¶ 1. As such, Plaintiff has sufficient notice of the grounds underlying Defendant's counterclaim.[3] In the present posture, greater specificity cannot be demanded, as Plaintiff has yet to identify the specific patent claims it intends to assert against Defendant.[4] *Tetsuya v. Amazon.com, Inc.*, No. C11-01210 HRL, 2011 WL 10632812, at *2 (N.D. Cal. Nov. 8, 2011); *Vistan Corp. v. Fadei USA, Inc.*, No, C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011).

Plaintiff's Motion to Dismiss is therefore DENIED with respect to Defendant's counterclaim for declaratory judgment of invalidity.

### B. Non-infringement Counterclaim

Plaintiff does not challenge the factual sufficiency of Defendant's counterclaim for non-infringement, only that it should be stricken as duplicative and serving no useful purpose. Pl.'s Mot. 5. Defendant argues against dismissal because maintaining a pending counterclaim permits it to continue seeking a declaration of non-infringement even should Plaintiff voluntarily dismiss its infringement claims. Def.'s Opp. 9-11. Plaintiff replies that if this is the intent of the counterclaim, Defendant could simply oppose Plaintiff's motion for voluntary dismissal. Pl.'s Reply 6-7.

The Declaratory Judgment act confers upon this Court "complete discretion whether or not to hear a counterclaim for declaratory judgment." *Berger v. Seyfarth Shaw, LLP*, No. C 07-05279

---

[2] It is not uncommon for the United States Patent and Trademark Office to reject a single claim in a patent application for failing to comply with all four provisions (§§101, 102, 103, and 112). Manual of Patent Examining Procedure § 706.I; *see also* 37 C.F.R. § 1.104. As such, Defendant's allegations of invalidity on any or all of these grounds is facially plausible.

[3] The Court notes also that Defendant has attached as an exhibit to its opposition to Plaintiff's motion a patent from 1907 that may be argued to be prior art. Def.'s Opp. Exh. 1.

[4] The Court declines to decide whether greater specificity would be required if Defendant had filed a stand-alone lawsuit seeking declaratory relief. Suffice it to say that in the present posture, Defendant has sufficiently alleged counterclaims for invalidity given what it knows about the nature of the patent infringement claims against it. *See Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 WL 588792, at *3 (N.D. Cal. Feb. 22, 2012) (noting that courts in this district regularly treat declaratory judgment invalidity as compulsory counterclaims to claims of infringement of the same patent).

JSW, 2008 WL 2468478, at * 1 (N.D. Cal. June 17, 2008).  Here, although at a high level it appears that Defendant's counterclaim for non-infringement concerns the same subject matter as Plaintiff's claims for direct infringement, the Court cannot conclusively determine that Defendant's counterclaim is entirely superfluous because Plaintiff has not yet identified which patent claims are at issue.  Moreover, Defendant has articulated an independent reason for maintaining its counterclaim for declaratory relief and Plaintiff has not articulated any prejudice from permitting Defendant to maintain this counterclaim.  As such, Plaintiff's Motion to Dismiss is DENIED as to Defendant's counterclaim for declaratory judgment of non-infringement.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss First Amended Counterclaims is DENIED.

Dated: September 26, 2014

_____
BETH LABSON FREEMAN
United States District Judge