UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC | Case Number: C 14-01725 JSC |
| Plaintiff, | AMENDED JOINT CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT, & [PROPOSED] ORDER |
| vs. | |
| WOSS ENTERPRISES LLC, | |
| Defendant. | |

The parties to the above-entitled action jointly submit this AMENDED JOINT CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT & PROPOSED ORDER [final paragraph] pursuant to the Standing Order for All Judges of the Northern District of California (dated July 1, 2011), Civil Local Rule 16-9 and the October 2, 2014 Case Management Conference.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.  No issues exist regarding personal jurisdiction or venue.  All named parties have been served.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff filed a complaint against Defendant for patent infringement, federal trademark infringement, federal and state unfair competition, and tortious interference with prospective

Page **1** of **12**

*Form updated May 2013*

economic relationships. The basis of each claim is summarized below:

<u>Patent Infringement</u> – Plaintiff asserts that it is owner of all rights, title and interest in United States Patent Nos. 7,044,896, 7,806,814, and 8,043,197 ("the patents-in-suit"). Plaintiff contends that Defendants infringe the patents-in-suit by making, using, selling, offering to sell, and/or importing into the United States fitness equipment under the names "3000 Equalizer," "3000 Stable," "Military Gym Style," "Military 1 in Trainer," "Military 1.5 in Trainer," "SST Suspension Trainer," "Titan 1 ½ in Wide Strap," and "WOSS XT" (collectively "the WOSS Products"). Plaintiff seeks injunctive relief, compensatory damages in an amount to be determined at trial, treble damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

<u>Trademark Infringement</u> – Plaintiff asserts that it owns the registered trademark and service mark SUSPENSION TRAINING. Plaintiff contends that Defendant has infringed Plaintiff's federally registered marks. Plaintiff seeks injunctive relief, compensatory damages, costs and attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

<u>Federal and State Unfair Competition</u> – Plaintiff asserts that it owns the registered trademark and service mark SUSPENSION TRAINING. Plaintiff contends that Defendant has used confusingly similar imitations of Plaintiff's federally registered marks and that such use is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are associated with Plaintiff, or have sponsorship, endorsement, or approval of Plaintiff. Plaintiff contends that Defendant's actions are a violation of 15 U.S.C. § 1125(a) and California Business and Professions Code § 17200. Plaintiff seeks injunctive relief, compensatory damages, disgorgement of profits, costs, and attorneys' fees.

<u>Tortious Interference with Prospective Economic Relationships</u> – Plaintiff asserts that there exists an economic relationship between Plaintiff and purchasers of exercise equipment and a probability of future economic benefit to Plaintiff from these purchasers, and that Defendant has acted to disrupt this relationship in the ways summarized above. Plaintiff seeks exemplary and punitive damages.

Defendant has filed its Answer denying liability to Plaintiff and a Counterclaim, which

*Form updated May 2013*

are summarized as follows:

### Patents

Defendant asserts that Plaintiff's patents are invalid and not infringed. The purported invention(s) is(are) obvious and not novel. Defendant does not make, use, sell or import any products covered by any claim of the asserted patents and does not practice any methods covered by any claim of the asserted patents and does not induce others to do so or contribute to others doing so.

### Trademark

Defendant asserts that Plaintiff's "marks" are invalid because they are generic or merely descriptive and do not operate to identify a single source, and to the extent Defendant uses any of the words in Plaintiff's "marks" they are used to truthfully describe its own products, and such use is classic fair use and not likely to cause confusion. Defendant's products are of superior quality and much lower price point., thereby further reducing likelihood of confusion. Moreover, Plaintiff is less than candid by referring to its single "registered … mark" and to purported infringements of "mark**s**". Plaintiff does have registrations of the same mark in three categories, two of which categories have absolutely nothing to do with the goods or services of Defendant. The foregoing comments refer therefore to the mark in Class 28.

### Unfair Competition

Defendant asserts it has made no false or confusing statements of any kind, and that any damages are beyond speculative given the superior quality and lower price point of Defendant's goods.

### Interference With Prospective Economic Advantage

Defendant asserts it has not committed and Plaintiff cannot prove any interference claim as alleged for several reasons including that the intent requirement is utterly lacking and because Defendant has committed no independent wrongful act that supports such a claim under California law. Moreover, damages from any such acts are completely speculative for the reasons set forth above.

*Form updated May 2013*

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The legal issues to be addressed include:

1. Whether the Defendant makes, uses, sells, offers for sale and/or imports into the United States, devices that infringe one or more claims of the patents-in-suit in violation of 35 U.S.C. § 271;

2. Whether the asserted claims of the patents-in-suit meet the conditions for patentability and satisfy all of the requirements set forth in the patent laws, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112;

3. The proper construction of the asserted claims;

4. Whether Plaintiff's SUSPENSION TRAINING trademark and service mark are valid and protectable marks;

5. Whether Defendant has infringed Plaintiff's SUSPENSION TRAINING trademark and service mark;

6. Whether Defendant's use of any words alleged by Plaintiff to constitute infringement was a non-infringing nominative use or was a use made fairly and in good faith only to describe the goods or services of Defendant, 15 U.S.C. § 1115.

7. Whether Defendant has engaged in actionable conduct likely to cause confusion, deception and/or mistake among consumers;

8. Whether Defendant has engaged in acts that were designed to and which did disrupt the relationship between Plaintiff and purchasers of exercise equipment; and

9. Whether any party is entitled to damages, costs, attorneys' fees and/or expenses.

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

*Form updated May 2013*

Plaintiff has filed, Defendant has filed its opposition to, and Plaintiff has filed its reply to, a motion to dismiss Defendant's First Amended Counterclaim.  Previously, the following motions were filed in connection with this case:

| Title of Motion | Date of Order Issued |
| --- | --- |
| Motion for leave to appear in Pro Hac Vice by Alain Villeneuve (Dkt. No. 8) | May 13, 2014 (Dkt. No. 10) |
| Motion for leave to appear in Pro Hac Vice by Michael J. Waters (Dkt. No. 9) | May 13, 2014 (Dkt. No. 11) |
| Motion to Dismiss Counterclaim filed by Plaintiff (Dkt. No. 20) | August 4, 2014 (Dkt. No. 27) |
| Motion to Dismiss Amended Counterclaim filed by Plaintiff (Dkt. No. 29) | September 26, 2014 (Dkt. No. 35) |

The parties anticipate filing, at least, motions for summary judgment on infringement and validity; discovery motions, to the extent the parties cannot resolve a dispute; and pretrial and post-trial motions.

Defendants amended their counterclaim on August 8, 2014 and Plaintiff answered the amended counterclaim on October 7, 2014.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff has not amended its Complaint to date.  Plaintiff presently has no plans to amend its Complaint, but reserves the right to do so in the event it obtains new information in the course of discovery.

6. Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

*Form updated May 2013*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Additionally, the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties exchanged Federal Rule of Civil Procedure 26(a)(1) initial disclosures on August 14, 2014, and such disclosures addressed the topics identified in Rule 26(a)(1)(A)(i)-(iv).

8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.

Plaintiff will require discovery from Defendant on at least the following subjects: (i) the structure, function and operation of the WOSS Products; (ii) the Defendant's proposed construction of each asserted claim of the patents-in-suit; (iii) the Defendant's invalidity contentions and evidence in support of same; (iv) Defendant's use of SUSPENSION TRAINING and/or similar imitations thereof in the marketing and sale of its products; (v) Defendant's knowledge and intent in taking the actions complained of in the complaint; and (vi) the costs, revenue and profits to Defendant for each of the WOSS Products and products marketed and/or sold in connection with Defendant's use of SUSPENSION TRAINING and/or similar imitations thereof.

Defendant will require discovery from Plaintiff on at least the following subjects: (a) all instances of alleged actual confusion; (b) all instances of alleged interference with economic relationships; (c) [of the author of the patents in suit] the patent prosecution and meaning of terms ascribed during that process; (d) alleged damage.

*Form updated May 2013*

The parties have agreed to the following modifications to the discovery rules imposed by the Federal Rules of Civil Procedure:

1. <u>Claims of Privilege or Work-Product Protection</u>:  Attorney-client privileged documents, work product documents, and documents subject to any other privilege or immunity (including electronically stored information) created after April 14, 2014 (the date the Complaint was filed) need not be identified on a party's privilege log.  Additionally, inadvertent production of privileged or otherwise protected documents will not constitute grounds for waiver of privilege or other protection.

2. <u>Electronically Stored Information ("ESI")</u>:  The parties intend to negotiate and reach agreement on electronic discovery and production procedure.

3. <u>Method of Service</u>: All papers not required to be filed may be served by email, provided that the file size of each individual email does not exceed 9 MB.

4. <u>Protective Orders</u>: The parties will meet and confer and attempt to agree on appropriate protection of discovery materials as and should the need arise.

9. <u>Class Actions</u>
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10. <u>Related Cases</u>
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no presently known related cases or proceedings pending before another judge of this Court or before another court or administrative body.

11. <u>Relief</u>
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks the following relief for each of its claims:

*Form updated May 2013*

1. <u>Patent Infringement</u> – Plaintiff seeks injunctive relief pursuant to 35 U.S.C. § 283. Plaintiff seeks compensatory damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.  Plaintiff also seeks a trebling of damages pursuant to 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285.

2. <u>Trademark Infringement</u> – Plaintiff seeks injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

3. <u>Federal Unfair Competition</u> – Plaintiff seeks injunctive relief and to recover Defendants's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

4. <u>State Unfair Competition</u> – Plaintiff seeks injunctive relief, as well as disgorgement of all Defendant's profits associated with the alleged unfair competition pursuant to California Business and Professions Code § 17203.

5. <u>Tortious Interference with Prospective Economic Relationship</u> – Plaintiff seeks actual damages, as well as exemplary and punitive damages.

Defendant requests judgment in its favor on all of Plaintiff's claims, together with judgment in its favor on its counterclaim.  Defendant seeks costs of suit and its attorney fees both under "bad faith litigation" and other applicable law.

12. <u>Settlement and ADR</u>
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have submitted ADR certifications.  The parties also have conferred, in July 2014, on ADR issues per ADR L.R. 3-5, and have participated to an ADR Telephone Conference on September 29, 2014.  The next ADR Telephone Conference is set for December 9, 2014.

Plaintiff submits the parties are both willing to engage in settlement discussions and

*Form updated May 2013*

believe that formal ADR will be most productive after the parties have exchanged claim disclosures, infringement contentions and invalidity contentions.

Defendant submits that it has invited Plaintiff to enter into early settlement discussions, to which Plaintiff has stated a willingness based on conditions unacceptable to Defendant.

### 13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.    YES    X   NO*

### 14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this case is suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties have not yet identified any issues that may be narrowed by agreement or motion.

### 16. Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case may be handled on an expedited basis.

### 17. Scheduling
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties' proposed dates through the claim construction hearing are set forth in the

*Form updated May 2013*

attached Exhibit A.

18. Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Both parties have demanded a trial by jury on all issues raised by the Complaint and Counterclaim. At present, the parties believe that a realistic estimated length of trial is 3-6 days.

19. Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Each party filed its Certification of Interested Entities or Persons (Plaintiff on April 14, 2014, and Defendant on June 27, 2014), and certified that other than the named parties, it had no interested parties to report.

20. Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are not aware of any other matters that would facilitate the disposition of this matter.

21. Patent Local Rule 2-1(a) Disclosures

The disclosures required by Patent L. R. 2-1(a)(1)-(2) and (4) are included in the parties Joint Case Management Statement. For Patent L.R. 2-1(a)(3), Plaintiff states that it does not presently anticipate the need for live testimony at the claim construction hearing. All parties expressly reserve the right to identify witnesses who might provide live testimony at the claim construction hearing as permitted under Patent L. R. 4-3(e). Plaintiff proposes that it will present first, followed by Defendant. Plaintiff estimates that the hearing will take no more than 3 hours. Defendant cannot provide an objective and good faith estimate until it receives Plaintiff's

*Form updated May 2013*

disclosures and disclosure of which claims apply to which products and Plaintiff's proposed constructions of its claims. Depending on those disclosures, Plaintiff's estimate may be fair, or may be too short.

Dated: October 10, 2014         /s Michael J. Waters
                                Counsel for Plaintiff

Dated: October 10, 2014         /s H. Michael Brucker
                                Counsel for Defendant

## CASE MANAGEMENT ORDER

The above AMENDED JOINT CASE MANAGEMENT STATEMENT, RULE 26(F) REPORT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:] The proposed schedule at Exhibit A is approved and shall be the case schedule through claim construction.

IT IS SO ORDERED.

Dated:  October 14, 2014                    _____
                                            UNITED STATES DISTRICT JUDGE

*Form updated May 2013*

**Exhibit A**

| **Case Event** (**Through Claim Construction Hearing**) | **Latest Permissible Date** |
|---|---|
| Parties exchanged initial disclosures. | August 14, 2014 |
| Plaintiff serves its disclosures under Patent Rules 3-1 & 3-2. | October 16, 2014 |
| Defendant serves their disclosures under Patent Rules 3-3 & 3-4. | December 1, 2014 |
| **ADR Telephone Conference** | **December 9, 2014** |
| Parties to discuss ADR possibilities and conduct any agreed ADR process | December 2014-January 2015 |
| Patent Rule 4-1 exchange of proposed terms for construction. | February 13, 2014 |
| Patent Rule 4-2 exchange of preliminary claim constructions and extrinsic evidence. | March 6, 2015 |
| Patent Rule 4-3 joint claim construction and prehearing statement. | March 21, 2015 |
| Submission of Joint Case Management Statement | April 30, 2015 |
| Discovery Cutoff – Claim Construction Issues | May 1, 2015 |
| **Case Management Conference** | May 14, 2015 |
| Patent Rule 4-5(a) – Plaintiff's opening brief on claim construction | May 22, 2015 |
| Patent Rule 4-5(b) – Defendant's responsive claim construction brief | June 5, 2015 |
| Patent Rule 4-5(c) – Plaintiff's reply brief on claim construction | June 12, 2015 |
| **Claim Construction Hearing** | July 17, 2015 |

*Form updated May 2013*