VEDDER PRICE (CA), LLP
Heather M. Sager (Bar No. 186566)
hsager@vedderprice.com
Ayse Kuzucuoglu (Bar No. 251114)
akuzucuoglu@vedderprice.com
275 Battery Street
Suite 2464
San Francisco, California  94111
T:  +1 (415) 749-9500
F:  +1 (415) 749-9502

VEDDER PRICE P.C.
Alain Villeneuve (*pro hac vice* to be filed)
avilleneuve@vedderprice.com
Michael J. Waters (*pro hac vice* to be filed)
mwaters@vedderprice.com
John K. Burke (*pro hac vice* to be filed)
jburke@vedderprice.com
222 North LaSalle Street
Suite 2600
Chicago, Illinois  60601-1003
T:  +1 (312) 609-7500
F:  +1 (312) 609-5005

Attorneys for Plaintiff
FITNESS ANYWHERE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>WOSS ENTERPRISES LLC,<br><br>              Defendant. | Case No. 5:14-cv-01725 BLF<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, AND STATE UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONSHIPS**<br><br>**DEMAND FOR JURY TRIAL** |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

Plaintiff Fitness Anywhere LLC, by and through its attorneys, alleges as follows:

**THE PARTIES**

1. Fitness Anywhere LLC ("TRX") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 755 Sansome Street, 6th Floor, San Francisco, California 94111. TRX does business in the Northern District of California.

2. Upon information and belief, Woss Enterprises LLC ("WOSS") is a corporation organized under the laws of the State of California with its principal place of business in San Carlos, California and its registered agent at 5100 Herefort Ct., Antioch, California 94531. WOSS does business in the Northern District of California.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement, federal trademark infringement, federal unfair competition, state unfair competition, and tortious interference with prospective economic relationships.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367. These claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy.

5. Venue is proper in the Northern District of California under 28 U.S.C. § 1391.

6. This Court has personal jurisdiction over WOSS. WOSS is located and conducts business within the State of California and within this judicial district.

7. WOSS, directly or through intermediaries, makes, distributes, offers for sale, sells, and advertises its products and services in the United States, the State of California, and the Northern District of California.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

## INTRADISTRICT ASSIGNMENT

8. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

9. TRX is a leading provider of fitness-related technology, equipment, workout programs, and education courses. TRX is also the exclusive owner of the brand TRX®.

10. United States Patent No. 7,044,896, entitled "EXERCISE DEVICE INCLUDING ADJUSTABLE, INELASTIC STRAPS" (hereafter "the '896 Patent"), was duly and legally issued on May 16, 2006, to Randal A. Hetrick. A true and correct copy of the '896 Patent is attached hereto as Exhibit A. TRX owns, by assignment, the entire right, title, and interest in and to the '896 Patent.

11. United States Patent No. 7,806,814, entitled "COMBINATION GRIP FOR AN EXERCISE DEVICE" (hereafter "the '814 Patent"), was duly and legally issued on October 5, 2010, to Randal A. Hetrick. A true and correct copy of the '814 Patent is attached hereto as Exhibit B. TRX owns, by assignment, the entire right, title, and interest in and to the '814 Patent.

12. United States Patent No. 8,043,197, entitled "EXERCISE DEVICE HAVING INELASTIC STRAPS AND INTERCHANGEABLE PARTS" (hereafter "the '197 Patent"), was duly and legally issued on October 25, 2011, to Randal A. Hetrick. A true and correct copy of the '197 Patent is attached hereto as Exhibit C. TRX owns, by assignment, the entire right, title, and interest in and to the '197 Patent.

13. The '896 Patent, the '814 Patent, and the '197 Patent (collectively, the "TRX Patents") have been in full force and effect since their issuance.

14. TRX sells, among other things, resistance products, including various straps and ropes, that are designed for body-weight resistance exercise, and it markets these products and services in the United States and around the world with its mark SUSPENSION TRAINING. This mark has gained wide consumer recognition and secondary meaning in the fitness industry.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

15. TRX owns a federal trademark registration, Reg. No. 3,255,160, issued by the United States Patent and Trademark Office on June 26, 2007, for the SUSPENSION TRAINING mark in International Class 028 for manually-operated exercise equipment. A copy of the Certificate of Registration is attached hereto as Exhibit D.

16. TRX also owns a federal service mark registration, Reg. No. 3,255,161, issued by the United States Patent and Trademark Office on June 26, 2007, for the SUSPENSION TRAINING mark. A copy of the Certificate of Registration is attached hereto as Exhibit E.

17. WOSS is a competitor in the industry that manufactures, distributes, and sells fitness-related technology and equipment. WOSS's fitness-related products include products sold under the names 3000 Equalizer, 3000 Stable, Military Gym Style, Military 1 in Trainer, Military 1.5 in Trainer, SST Suspension Trainer, Titan 1½ in Wide Strap, and WOSS XT. WOSS sells these products through its website at http://www.woss.com, as well as through other online retailers such as Amazon.com and eBay.com.

18. Upon information and belief, WOSS uses the terms SUSPENSION TRAINING, SUSPENSION TRAINER, and similar variations thereof in marketing its exercise equipment. Excerpts from WOSS's website showing examples of this use are attached hereto as Exhibit F.

19. On March 21, 2014, TRX sent and WOSS received a cease-and-desist letter which included copies of the TRX Patents and the certificates of registration for U.S. Trademark Reg. Nos. 3,255,160 and 3,255,161. This letter stated that TRX owned the mark SUSPENSION TRAINING. A copy of this letter is attached hereto as Exhibit G.

20. TRX also owns a federal mark registration, Reg. No. 2,975,844, issued by the United States Patent and Trademark Office on July 26, 2005, for the mark FITNESS ANYWHERE in International Class 028 for manually operated exercise equipment. A copy of the Certificate of Registration is attached hereto as Exhibit H.

21. On November 20, 2014, WOSS filed for federal protection of the mark SUSPENSION FITNESS (collectively, with SUSPENSION TRAINING and SUSPENSION TRAINER the "Infringing Marks"). The mark was filed in International Class 028 for manually-

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

operated exercise equipment. As part of the actual-use filing, WOSS made a claim of first use in commerce of October 19, 2014, and a specimen was given in which the mark SUSPENSION FITNESS is used in direct association with several of the infringing products, for example the 3000 Equalizer. A copy of the November 20, 2014 filing, including the specimen entered by WOSS is attached hereto as Exhibit I.

## COUNT I

### (Patent Infringement)

22. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 21 above and incorporates them by reference.

23. TRX has provided and WOSS has received actual notice of the TRX Patents.

24. WOSS has directly infringed, and/or has induced others to infringe, and/or has committed acts of contributory infringement of the claims of the TRX Patents in violation of 35 U.S.C. § 271 et seq. Upon information and belief, WOSS has committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including but not limited to fitness equipment under the names "3000 Equalizer," "3000 Stable," "Military Gym Style," "Military 1 in Trainer," "Military 1.5 in Trainer," "SST Suspension Trainer," "Titan 1½ in Wide Strap," and "WOSS XT."

25. WOSS will continue to infringe the TRX Patents unless enjoined by this Court. As a result of the infringing conduct of WOSS, TRX has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, TRX is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

26. As a result of WOSS's infringement of the TRX Patents, TRX has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained but that will be determined at trial.

27. Because WOSS has continued its activities after receiving actual notice of the TRX Patents from TRX, WOSS's infringement is willful. As a result, TRX is further entitled to

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby TRX is entitled to an award of its attorneys' fees.

## COUNT II

### (Federal Trademark Infringement)

28. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 27 above and incorporates them by reference.

29. TRX owns the registered trademark and service mark SUSPENSION TRAINING.

30. WOSS's use of confusingly similar imitations of TRX's federally registered marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that WOSS's goods are manufactured or distributed by TRX, or are associated with TRX, or have the sponsorship, endorsement, or approval of TRX.

31. WOSS has used marks confusingly similar to TRX's federally registered marks in violation of 15 U.S.C. § 1114, and WOSS's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers and, additionally, injury to TRX's goodwill and reputation, for which TRX has no adequate remedy at law.

32. WOSS's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRX's federally registered SUSPENSION TRAINING marks to TRX's great and irreparable injury.

33. WOSS has caused and is likely to continue causing substantial injury to the public and to TRX, and TRX is entitled to injunctive relief and to recover WOSS's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

## COUNT III

### (Federal Unfair Competition)

34. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 33 above and incorporates them by reference.

35. WOSS's use of confusingly similar imitations of TRX's SUSPENSION TRAINING marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that WOSS's goods are manufactured or distributed by TRX, or are associated with TRX, or have the sponsorship, endorsement, or approval of TRX.

36. WOSS has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and WOSS's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among consumers and, additionally, injury to TRX's goodwill and reputation, for which TRX has no adequate remedy at law.

37. WOSS's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRX's federally registered SUSPENSION TRAINING marks to TRX's great and irreparable injury.

38. WOSS has caused and is likely to continue causing substantial injury to the public and to TRX, and TRX is entitled to injunctive relief and to recover WOSS's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT IV

### (Unfair Competition – California Business and Professions Code § 17200)

39. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 38 above and incorporates them by reference.

40. WOSS's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

41. Pursuant to California Business and Professions Code § 17203, TRX is entitled to preliminary and permanent injunctive relief ordering WOSS to cease this unfair competition, as well as disgorgement of all WOSS's profits associated with this unfair competition.

## COUNT V

### (Tortious Interference with Prospective Economic Relationships)

42. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 41 above and incorporates them by reference.

43. There is an economic relationship between TRX and purchasers of exercise equipment, and there exists a probability of future economic benefit to TRX from these purchasers.

44. WOSS has knowledge of this relationship.

45. WOSS intentionally engaged in acts that were designed to and which did disrupt this relationship, and TRX has been harmed as a result.

46. WOSS's acts were beyond those of a mere competitor securing business for itself and, as discussed herein, were independently unlawful or illegitimate.

47. WOSS's actions were wilful, wanton, malicious, oppressive, and undertaken with intent to harm TRX, and such actions justify the award of exemplary and punitive damages.

## COUNT VI

### (Federal Trademark Infringement)

48. TRX hereby restates and realleges the allegations set forth in paragraphs 1 through 47 above and incorporates them by reference.

49. TRX owns both the registered trademark SUSPENSION TRAINING and FITNESS ANYWHERE in International Class 028 for manually operated exercise equipment. These marks issued as U.S. Reg. No. 3,255,160 and 2,975,844 have been used continuously in commerce for at least five years and are incontestable. They are used in connection with the goods of TRX, namely its strap-based trainers.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

50. Since at least October 19, 2014, WOSS sells infringing products in direct competition with the TRX trainers sold under the mark SUSPENSION FITNESS.

51. Customers of these competing goods are highly confused as they can acquire the products either under SUSPENSION FITNESS, SUSPENSION TRAINING and/or FITNESS ANYWHERE marks for the same goods.

52. WOSS's use of confusingly similar imitations of TRX's federally registered marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that WOSS's goods are manufactured or distributed by TRX, or are associated with TRX, or have the sponsorship, endorsement, or approval of TRX.

53. WOSS has used marks confusingly similar to TRX's federally registered marks in violation of 15 U.S.C. § 1114, and WOSS's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers and, additionally, injury to TRX's goodwill and reputation, for which TRX has no adequate remedy at law.

54. Since this mark was selected and filed after the commencement of this action for trademark and patent infringement, having actual notice of TRX's mark SUSPENSION TRAINING, WOSS's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRX's federally registered SUSPENSION TRAINING marks to TRX's great and irreparable injury.

55. WOSS has caused and is likely to continue causing substantial injury to the public and to TRX, and TRX is entitled to injunctive relief and to recover WOSS's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## PRAYER FOR RELIEF

WHEREFORE, TRX prays that the Court enter an Order:

A. That WOSS has infringed the TRX Patents under 35 U.S.C. §§ 271 et seq.;

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

B.   That WOSS has infringed TRX's SUSPENSION TRAINING and FITNESS ANYWHERE trademarks and service marks;

C.   Preliminarily and permanently enjoining WOSS and all persons or entities acting in concert or participation with WOSS from directly or indirectly:

    1.   directly or indirectly infringing, or inducing or contributing to the infringement by others of, the TRX Patents;

    2.   using the SUSPENSION TRAINING and SUSPENSION FITNESS marks on or in connection with WOSS's goods or services;

    3.   using any trademark, service mark, name, logo, or source designation of any kind on or in connection with WOSS's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the trademarks or service marks of TRX;

    4.   using any trademark, service mark, name, logo, or source designation of any kind on or in connection with WOSS's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by TRX, are sponsored or authorized by TRX, or are in any way connected or related to TRX;

    5.   cancel U.S. Trademark Application No. 86/459,850 for the mark SUSPENSION FITNESS with the USPTO;

    6.   using any trademark, service mark, name, logo, or source designation of any kind on or in connection with WOSS's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks or service marks of TRX; and

    7.   passing off, or assisting in passing off, WOSS's goods or services as those of TRX, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1

D. Directing WOSS to destroy all marketing material under WOSS's control that is found to adopt, to infringe, or to dilute any of TRX's trademarks or service marks, that unfairly compete with TRX, or that market any product infringing the TRX Patents;

E. Directing WOSS to account to TRX for any and all profits derived by WOSS from the sale or distribution of goods as described in this Complaint, including prejudgment interest thereon;

F. Awarding TRX all damages caused by the acts forming the basis of this Complaint, together with interest thereon;

G. Based on WOSS's knowing and intentional use of confusingly similar imitations of TRX's trademarks and service marks, ordering that the damages award be trebled and enhanced as provided for by 15 U.S.C. § 117(a);

H. Based on WOSS's willful infringement of the TRX Patents, ordering that TRX be awarded treble damages pursuant to 35 U.S.C. § 284;

I. Ordering WOSS to pay TRX the costs of this action and TRX's reasonable attorneys' fees pursuant to the statutes cited herein;

J. Based on WOSS's willful and deliberate conduct, and to deter such conduct in the future, awarding punitive damages; and

K. Granting any such further relief in TRX's favor as the Court deems just and appropriate.

## JURY DEMAND

TRX hereby demands a trial by jury on all issues so triable.

Dated: January 21, 2015                     VEDDER PRICE (CA), LLP


                                            By: /s/ Heather M. Sager
                                                Heather M. Sager
                                                Ayse Kuzucuoglu

                                            Attorneys for Plaintiff
                                            FITNESS ANYWHERE LLC

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

FIRST AMENDED COMPLAINT
[CASE NO. 5:14-CV-01725 BLF]

CHICAGO/#2654871.1