*E-Filed: June 1, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>WOSS ENTERPRISES LLC,<br><br>    Defendant. | Case No.  14-cv-01725-BLF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 50 |

Fitness Anywhere LLC sues WOSS Enterprises LLC for patent infringement, federal trademark infringement, federal unfair competition, state unfair competition, and tortious interference with prospective economic relationships. Plaintiff moves for leave to supplement its infringement contentions. Dkt. No. 50. Defendant filed an opposition, and Plaintiff filed a reply. Dkt. Nos. 65, 66. The motion is deemed suitable for determination without oral argument. The June 2, 2015 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court grants the motion.

**BACKGROUND**

Plaintiff filed suit in April 2014. Dkt. No. 1. The initial case management conference was held on October 2, 2014, and Plaintiff served its infringement contentions on Defendant on

October 16, 2014. Dkt. No. 36; Waters Decl., Exh. A. In its infringement contentions, Plaintiff alleged that eight WOSS products infringe three of its patents. Waters Decl., Exh. A. The patents in suit are U.S. Patent Nos. 7,044,896; 7,806,814; and 8,043,197. *Id.* The eight accused instrumentalities are: (1) 3000 Equalizer; (2) 3000 Stable; (3) Military Gym Style; (4) Military 1 in Trainer; (5) Military 1 1/2 in Trainer; (6) SST Suspension Trainer; (7) Titan 1 1/2 in Wide Strap; and (8) WOSS XT (collectively, "Accused Instrumentalities").

The Accused Instrumentalities are fitness equipment with "foot loops," in which the user places his or her foot while performing various exercises. In June 2014, Defendant redesigned the "foot loops" of each of the Accused Instrumentalities. Defendant disclosed this redesign when it issued its Responses to Defendant's First Set of Interrogatories on March 9, 2015. *Id*. ¶¶ 3-4, Exh. B. Plaintiff ordered, received, and examined one of the redesigned products. Plaintiff now moves to supplement its infringement contentions. In addition, Plaintiff requests that Defendant be ordered to provide Plaintiff with documents sufficient to show the operation of any aspects or elements of the redesigned Accused Instrumentalities. Dkt. No. 50.

## LEGAL STANDARD

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Patent L.R. 3-6 provides a non-exhaustive list of circumstances which, absent prejudice to the non-moving party, may support a finding of good cause: "(a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*

The good cause inquiry "considers first whether the moving party was diligent in

amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Props. Ltd.*, No. 08-cv-00882 JF (HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy–America, Inc. v. Stryker Corp.*, No. C09-00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (quoting *O2 Micro*, 467 F.3d at 1366). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C12-00630, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (internal quotation marks omitted).

"The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)). However, the expectation that a "patentee would have a precise sense of its infringement theory at the outset" is "unrealistic . . . [where] the patentee may not have been able to get access to the necessary information because it is hidden from view (for example, source code)." *Peter S. Menell et al., Federal Judicial Center, Patent Case Management Judicial Guide* 4-14 (2009). Thus, the good cause standard of Patent L.R. 3-6 "serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Apple*, 2012 WL 5632618, at *2.

## DISCUSSION

Plaintiff has shown good cause for amending its infringement contentions to add the redesigned products. Plaintiff has been diligent in seeking to amend its contentions. Defendant did not disclose the redesign to Plaintiff until it issued its interrogatory answers on March 9, 2015.

3

Waters Decl. ¶ 4. Plaintiff then ordered, received, and examined one of the redesigned products before filing the present motion. *Id.* ¶ 5.

In addition, Defendant will not be prejudiced by the amendment. The supplemental contentions will involve the same patents-in-suit and the same products; they will simply account for the redesign of the foot loop. In addition, this case is still in the early stages of discovery and the Court has not yet set a date by which discovery will close. Moreover, Plaintiff does not seek to amend claim construction briefing or reschedule the claim construction hearing. According to the schedule set below, Plaintiff is required to file its supplemental contentions before the Markman hearing scheduled for July 17, 2015.

First, Defendant argues that by moving for leave to amend its contentions, Plaintiff is requesting to add a new product that is not covered by the allegations in the complaint or first amended complaint. The first amended complaint, however, identifies the Accused Instrumentalities as "fitness-related products . . . sold under the names 3000 Equalizer, 3000 Stable, Military Gym Style, Military 1 in Trainer, Military 1.5 in Trainer, SST Suspension Trainer, Titan 1½ in Wide Strap, and WOSS XT." Dkt No. 46, ¶ 17. The same eight Accused Instrumentalities would remain at issue if the present motion is granted. Plaintiff seeks leave to amend its infringement contentions to account for the new foot loops and D-ring. Plaintiff is not seeking to introduce new products to this action; its amended contentions will address the same Accused Instrumentalities that have always been at issue.

Second, Defendant argues that it had no obligation to inform Plaintiff of the redesign of its products before it did. Whether Defendant was obligated to inform Plaintiff of the redesign is an issue relevant to Plaintiff's pending motion for sanctions. Dkt. No. 53. This consideration is irrelevant to the present motion.

Third, Defendant argues that Plaintiff is required by Civ. L.R. 10-1 to inform the court of

4

the supplemental contentions it seeks to make.  According to Defendant, if Plaintiff's counsel has made a determination of infringement after a reasonable investigation as required by Fed. R. Civ. P. 11, there is nothing to prevent Plaintiff from articulating the contentions on which such a determination was based.  Defendant argues that Plaintiff already possesses enough information to formulate its contentions because it provided Plaintiff's counsel with drawings of the redesigned products and the product at issue is a simple mechanical device with just five non-moving parts.

Civ. L.R. 10-1 relates to amended pleadings.  Here, Plaintiff is not seeking to amend its pleading.  The eight Accused Instrumentalities identified in the complaint are the same eight Accused Instrumentalities at issue post-redesign.  In addition, Defendant confuses Plaintiff's need for information to prepare infringement contentions with its knowledge that the redesigned products infringe the patents-in-suit.  Plaintiff acquired one of the Accused Instrumentalities and formulated the opinion that the redesigned "foot loop" continues to infringe the '814 Patent.  However, Plaintiff has only had the opportunity to review one of the eight Accused Instrumentalities.  Moreover, Plaintiff argues that it cannot rely on the drawings provided by Defendant because they differ from the actual accused instrumentality purchased by Plaintiff in multiple, significant ways.  Villeneuve Decl. ¶¶ 7-8. In addition, one must cut open the grips of the Accused Instrumentalities in order to see the way they were redesigned.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to supplement its infringement contentions is granted.  Within fourteen (14) days of the date this order is filed, Defendant shall provide Plaintiff with documents sufficient to show the operation of any aspects or elements of the

redesigned Accused Instrumentalities. Plaintiff shall amend its infringement contentions within fourteen (14) days thereafter.

**IT IS SO ORDERED.**

Dated: June 1, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

**14-cv-01725-BLF (HRL) Order will be electronically mailed to:**

Ayse Kuzucuoglu        akuzucuoglu@vedderprice.com, ecfdocket@vedderprice.com, ecfsfdocket@vedderprice.com, jporras@vedderprice.com

H. Michael Brucker        michael@hmblawoffice.com

Heather Murray Sager        hsager@vedderprice.com, ecfdocket@vedderprice.com, ecfsfdocket@vedderprice.com, jcano@vedderprice.com, mdvallavalle@vedderprice.com

Michael James Waters        mwaters@vedderprice.com

Steven Mathew Kipperman        kipperman@aol.com, SMKLCOFFICE@aol.com

Thomas Holden        tholden@trenklawfirm.com, tsmith@trenklawfirm.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**