*E-Filed: June 11, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WOSS ENTERPRISES LLC,<br><br>    Defendant. | Case No.  14-cv-01725-BLF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 53 |

Fitness Anywhere LLC sues WOSS Enterprises LLC for patent infringement, federal trademark infringement, federal unfair competition, state unfair competition, and tortious interference with prospective economic relationships. Plaintiff moves for an order granting it monetary sanctions. Dkt. No. 53. Defendant filed an opposition, and Plaintiff filed a reply. Dkt. Nos. 68, 69. The motion is deemed suitable for determination without oral argument. The June 16, 2015 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court grants the motion.

**BACKGROUND**

Plaintiff filed suit in April 2014. Dkt. No. 1. The initial case management conference was held on October 2, 2014, and Plaintiff served its infringement contentions on Defendant on October 16, 2014. Dkt. No. 36; Villeneuve Decl., Exh. A. In its infringement contentions, Plaintiff alleged that eight WOSS products infringe three of its patents. Villeneuve Decl., Exh. A. The patents in suit are U.S. Patent Nos. 7,044,896; 7,806,814; and 8,043,197. *Id*. The eight

accused instrumentalities are: (1) 3000 Equalizer; (2) 3000 Stable; (3) Military Gym Style; (4) Military 1 in Trainer; (5) Military 1 1/2 in Trainer; (6) SST Suspension Trainer; (7) Titan 1 1/2 in Wide Strap; and (8) WOSS XT (collectively, "Accused Instrumentalities").

The Accused Instrumentalities are fitness equipment with "foot loops," in which the user places his or her foot while performing various exercises. In June 2014, Defendant redesigned the "foot loops" of each of the Accused Instrumentalities. Defendant disclosed this redesign when it issued its Responses to Defendant's First Set of Interrogatories on March 9, 2015. *Id*. ¶ 6, Exh. 2.

After learning of the redesign, Plaintiff ordered, received, and examined one of the redesigned products. Plaintiff filed a motion to supplement its infringement contentions, which was granted. Dkt. Nos. 50, 70.

Between June 2014 and March 2015, Plaintiff prepared its infringement contentions and the parties participated in the claim construction process. This included the exchange of proposed terms for construction per Patent L.R. 4-1, the exchange of preliminary claim constructions and extrinsic evidence per Patent L.R. 4-2, and the preparation and submission of the joint claim construction and prehearing statement per Patent L.R. 4-3.

Plaintiff now moves for an order granting it monetary sanctions. Dkt. No. 53. Plaintiff requests that the court order Defendant and its counsel to reimburse Plaintiff for the fees associated with: (1) preparing and briefing its motion for leave to amend infringement contentions; (2) preparing amended infringement contentions; (3) participating in any necessary claim construction proceedings related to contested claim terms that have become material as a result of the change in the Accused Instrumentalities after June 2014; (4) and preparing and briefing the motion for sanctions.[1]

## LEGAL STANDARD

Under Fed. R. Civ. P. 37(b)(2), "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide

---

[1] Plaintiff also requests the reimbursement of fees associated with arguing its motion for leave to amend its infringement contentions and motion for sanctions. However, the hearings for both motions have been vacated.

1   or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is
2   pending may issue further just orders." This includes the authority to order "the disobedient party,
3   the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,
4   caused by the failure, unless the failure was substantially justified or other circumstances make an
5   award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

6   Moreover, Civ. L.R. 1-4 provides: "Failure by counsel or a party to comply with any duly
7   promulgated local rule or any Federal Rule may be a ground for imposition of any authorized
8   sanction."

9   Finally, "[c]ourts are invested with inherent powers that are governed not by rule or statute
10  but by the control necessarily vested in courts to manage their own affairs so as to achieve the
11  orderly and expeditious disposition of cases. [The Ninth Circuit] has recognized as part of a
12  district court's inherent powers the broad discretion to make discovery and evidentiary rulings
13  conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g &*
14  *Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (internal quotation marks and citations omitted).

## DISCUSSION

16  Defendant had an obligation to promptly disclose the redesign. "Except as exempted by
17  Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting
18  a discovery request, provide to the other parties: . . . (ii) a copy—or a description by category and
19  location—of all documents, electronically stored information, and tangible things that the
20  disclosing party has in its possession, custody, or control and may use to support its claims or
21  defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). "'Mutual
22  knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'"
23  *United States v. Johnson Controls, Inc.*, No. SACV 03-0028 DOC (ANX), 2008 WL 4601430, at
24  *2 (C.D. Cal. Oct. 15, 2008) (quoting *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947)). The
25  federal rules of discovery "are designed to narrow and clarify the issues and to give the parties
26  mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co.*,
27  581 F.2d 1155, 1159 (5th Cir. 1978).

28  Moreover, Patent L.R. 3-4(a) required Defendant to produce "[s]ource code, specifications,

1  schematics, flow charts, artwork, formulas, or other documentation sufficient to show the
2  operation of any aspects or elements of an Accused Instrumentality identified by the patent
3  claimant in its Patent L.R. 3-1(c) chart." "The rules are designed to require parties to crystallize
4  their theories of the case early in the litigation and to adhere to those theories once they have been
5  disclosed." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)
6  (quoting *Atmel Corp. v. Info. Storage Devices, Inc*., No. C 95–1987 FMS, 1998 WL 775115, at *2
7  (N.D. Cal. 1998)).

8  Thus, under both Fed. R. Civ. P. 26(a) and Patent L.R. 3-4, Defendant was obligated to
9  disclose the Redesigned Products.

10  In addition, Plaintiff has been prejudiced by Defendant's conduct. Plaintiff spent time and
11  money preparing infringement contentions that addressed the Accused Instrumentalities pre-
12  redesign. In addition, the parties have been engaging in the claim construction process for
13  months, including identifying the claim terms requiring construction and proposing constructions
14  for those terms. In determining what claim terms required construction and proposing
15  constructions for those terms, Plaintiff was relying on its understanding of the operation of the
16  Accused Instrumentalities. Plaintiff has been operating at a disadvantage because Defendant has
17  known about the redesign and understands how the Accused Instrumentalities currently operate,
18  while Plaintiff has not.

19  First, Defendant argues that Plaintiff has not pled Defendant's "new products" in the
20  complaint or amended complaint. This argument was rejected in the Order Granting Plaintiff's
21  Motion for Leave to Supplement its Infringement Contentions. *See* Dkt. No. 70, at 4. As
22  explained in that order, Plaintiff sought leave to amend its infringement contentions to account for
23  the new foot loops and D-ring. Plaintiff did not seek to introduce new products to this action.
24  Rather, its amended contentions will address the same Accused Instrumentalities that have always
25  been at issue.

26  Second, Defendant argues that it had no obligation to inform Plaintiff of the redesign
27  before it did so. Specifically, Defendant argues that Patent L.R. 3-4(a) does not apply to
28  Defendant's redesigned product because the only Accused Instrumentalities that are or could be

identified in Plaintiff's Patent L.R. 3-1(c) chart are those that were put in issue by and identified in the complaint. This argument relies on Defendant's argument that the redesigned products are "new products" not covered by the allegations in the complaint or first amended complaint. As discussed above, this argument has been rejected by the court.

Third, Defendant argues that any expenses incurred by Plaintiff were self-inflicted. Defendant argues that Plaintiff's motion to supplement its infringement contentions was unnecessary and meritless. On the contrary, Plaintiff's motion to supplement its infringement contentions had merit, and was granted by the court. *See* Dkt. No. 70.

In addition, Defendant argues that Plaintiff's counsel did not attempt to meet and confer with Defendant's counsel to see whether the matter could be resolved without involving the court prior to filing the motion for leave to supplement its infringement contentions. However, Plaintiff was required to move for leave to amend its infringement contentions because Patent L.R. 3-6 provides that amendment of infringement contentions may be made only by order of the court upon a timely showing a good cause.

Moreover, Defendant argues that Plaintiff could have requested any information it needed from Defendant regarding its redesigned products. According to Defendant, Defendant's counsel offered to provide Plaintiff with any such information and sent Plaintiff's counsel an email that included detailed drawings of the redesigned products. In addition, Defendant argues that it would have provided Plaintiff with samples of the Accused Instrumentalities upon request.

However, Plaintiff twice requested information sufficient to show the operation of any aspects or elements of the redesigned products about the Accused Instrumentalities. *See* Brucker Decl., Exhs. B and D. Defendant did not provide Plaintiff with any information beyond the three figures attached to the declaration of Michael Brucker as Exh. C before Plaintiff filed its motion for sanctions. Moreover, as noted in the Order Granting Plaintiff's Motion for Leave to Supplement Its Infringement Contentions, Dkt. No. 70 at 5, Plaintiff argues that it cannot rely on the drawings provided by Defendant because they differ from the actual accused instrumentality purchased by Plaintiff in multiple, significant ways.

Fourth, Defendant argues that Plaintiff has not cited to a legal basis for sanctions.

According to Defendant, absent the predicate court order regarding discovery with which Defendant failed to comply, a sanction cannot be imposed under Rule 37(b)(2). Defendant also argues that Local Rule 1-4 is not a basis for sanctions here because Defendant did not fail to comply with any local rule or Federal Rule. As discussed above, however, Defendant failed to comply with its obligation to disclose the redesigned products under Fed. R. Civ. P. 26(a) (which provides the legal basis for imposing sanctions under both Fed. R. Civ. P. 37(c) and Civil L.R. 1-4) and Patent L.R. 3-4 (which provides the legal basis for imposing sanctions under Civil L.R. 1-4).

In addition, the court has authority to impose sanctions under its inherent power to impose discovery sanctions "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co.*, 982 F.2d at 368. Because Defendant has engaged in duplicitous conduct by redesigning its products and failing to comply with both Fed. R. Civ. P. 26(a) and Patent L.R. 3-4, the court has inherent power to impose sanctions.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions is granted. Within ten (10) days from the date of this order, Plaintiff shall file an itemized proof of the time spent and fees charged with sufficient detail to show that the time and charges were for (1) preparing and briefing its motion for leave to amend its infringement contentions; (2) preparing amended infringement contentions; and (3) preparing and briefing its motion for sanctions. Defendant may file objections within ten (10) days thereafter. Once any objections have been ruled upon, Defendant and its counsel shall reimburse Plaintiff for the approved fees.

Plaintiff also requests that Defendant and its counsel reimburse Plaintiff for the fees associated with participating in any necessary claim construction proceedings related to contested claim terms that have become material as a result of the change in the Accused Instrumentalities after June 2014. Because the claim construction hearing is not scheduled to take place until July

///

///

///

1  17, 2015, the court finds this request to be premature. Accordingly, this request is denied without
2  prejudice.
3  **IT IS SO ORDERED.**
4  Dated: June 11, 2015

                                                                                     _____
                                                                                     HOWARD R. LLOYD
                                                                                     United States Magistrate Judge