UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOSS ENTERPRISES LLC,<br><br>Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 82] |

In this patent and trademark dispute involving fitness equipment, Defendant Woss Enterprises LLC seeks relief from Magistrate Judge Howard R. Lloyd's June 11, 2015 order imposing monetary sanctions for Defendant's failure to comply with discovery obligations set forth in the federal and local rules. Def.'s Mot., ECF 82; Order Granting Pl.'s Mot. for Sanctions (hereinafter, "Order"), ECF 73. Notably, Defendant in June 2014 redesigned the "foot loops" on each of the products accused of infringing plaintiff Fitness Anywhere LLC's patents but failed to disclose such redesign in either its Federal Rule of Civil Procedure 26(a) initial disclosures served on August 14, 2014 or its Patent Local Rule 3-4(a) disclosures served on December 1, 2014. Order at 2. Indeed, Defendant did not disclose the redesign until a March 9, 2015 response to Plaintiff's First Set of Interrogatories. *Id.* Judge Lloyd found such lack of forthrightness violated Defendant's discovery obligations under the federal and local rules and prejudiced Plaintiff, whose Patent Local Rule infringement contentions were due in October 2014 and had to be subsequently amended to account for the redesign. *Id.* at 3-6. As such, Judge Lloyd awarded Plaintiff its attorneys' fees in connection with "(1) preparing and briefing its motion for leave to amend its infringement contentions; (2) preparing amended infringement contentions; and (3) preparing and

1  briefing its motion for sanctions." *Id.* at 6.  Defendant now challenges that order.[1]

2        A district court may refer nondispositive pretrial issues to a magistrate under 28 U.S.C. §

3  636(b)(1)(A).  "A judge of the court may reconsider any pretrial matter under this subparagraph

4  (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

5  law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); Civ. L.R. 72-2; *Bhan v. NME*

6  *Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).  On review of a nondispositive order, "the

7  magistrate's factual determinations are reviewed for clear error, and the magistrate's legal

8  conclusions are reviewed to determine whether they are contrary to law."  *Perry v.*

9  *Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  This standard is highly deferential, and a

10  district judge may not simply substitute his or her judgment for that of the magistrate judge as he

11  or she would on *de novo* review.  *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241

12  (9th Cir. 1991).  A magistrate judge's ruling on discovery issues should thus be overturned only

13  when the district court is left with a "definite and firm conviction that a mistake has been

14  committed."  *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

15        Defendant advances a number of objections to Judge Lloyd's order, essentially

16  recapitulating the arguments that Judge Lloyd rejected.  On the second pass, the arguments still

17  fail to persuade.  Critically, Defendant does not dispute that it redesigned the accused products in

18  **June 2014**, well *before* even its Rule 26(a) initial disclosures were due (in August of that year).

19  Had the redesign been properly and timely disclosed, Plaintiff, whose infringement contentions

20  were due in October 2014, would have had time to incorporate the information into its

21  contentions.  Instead, Plaintiff did not discover the redesign until Defendant disclosed it in March

22  2015, whereupon Plaintiff diligently sought and obtained leave of court to amend its infringement

23  contentions, as required by the Patent Local Rules.  Patent L.R. 3-6; *see also* ECF 70.  That

24  Defendant opposed the amendment on the ground that Plaintiff was seeking to introduce *new*

25  products (an argument justifiably rejected by Judge Lloyd) is evidence enough that Plaintiff

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Pursuant to Judge Lloyd's order, Plaintiff submitted itemized proof of its attorneys' fees, to
28  which Defendant had an opportunity to object.  ECF 76, 84.  This order does not address the
    amount of the challenged sanction, as Judge Lloyd has yet to set the amount.

United States District Court
Northern District of California

*needed* to move for leave to amend its contentions.[2]  *See* Order at 4-5.  As such, the Court rejects Defendant's argument that its delayed disclosure was harmless.  *See* Def.'s Mot. 3-5.

As to the remainder of Defendant's objections, none of Judge Lloyd's findings are clearly erroneous or contrary to law.  Rule 26(a) requires a party in its initial disclosures to provide:

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the *disclosing party* has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).  Defendant's August 14, 2014 initial disclosures identify only two categories of documents:

> (1) Public records of the patents in suit, including file histories and any other related documents.
>
> (2) Various documents in *Plaintiff's* custody or under its control that were available to it, or produced by or to it, during other litigation involving one or more of the patents in suit here.

Decl. of H. Michael Brucker, ECF 77-1, Exh. C at 2 (emphasis added).  Read literally, this disclosure would indicate that Defendant possesses *no* documents relevant to its own claims or defenses and, as such, will not challenge infringement.  To the extent Defendant wishes to argue *non*infringement (as it has in its Amended Answer), the disclosures are incomplete for failure to identify documents relating to the redesigned accused products and, indeed, duplicitous in their silence.  Order at 3, 6.  Defendant is not "substantially justified" in such abject failure to comply with its discovery obligations.  *See* Def.'s Mot. 1-2.

Likewise, Defendant's assertion that Patent Local Rule 3-4 did not require the disclosure of its redesigned product is based on a stilted interpretation of the rule that Judge Lloyd appropriately rejected.  Simply because "Defendant does not read Patent L.R. 3-4 to require disclosure of information Plaintiff already has," Def.'s Mot. 2, is not a justifiable basis for withholding information required by the letter of the rule:

---

[2] Defendant's attempt to characterize its opposition to Plaintiff's motion as "based on Plaintiff's unwillingness to disclose its proposed supplemental contentions" conveniently ignores the first two arguments from its brief.  Def.'s Mot. 5; *see* Def.'s Opp. to Pl.'s Mot. for Leave to Amend Contentions at 1-3, ECF 65.

United States District Court
Northern District of California

United States District Court
Northern District of California

With the "Invalidity Contentions," the party opposing a claim of patent infringement *shall* produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other *documentation sufficient to show the operation of any* aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Patent L.R. 3-4(a) (emphasis added).  Therefore, Judge Lloyd's determination that Defendant was obligated under Rule 26(a) and Patent Local Rule 3-4(a) to timely disclose the redesign and that Defendant's failure to do so was prejudicial and duplicitous is not clearly erroneous or contrary to law.  Def.'s Mot. 1-3.

Finally, Defendant's objection to Judge Lloyd's imposition of sanctions under Rule 37(b)(2) is inapposite.  Def.'s Mot. 4.  Judge Lloyd explained that he was granting sanctions pursuant to Rule 37(c) and Civil Local Rule 1-4, both of which authorize sanctions for Defendant's failure to comply with its obligations under Rule 26(a) and Patent Local Rule 3-4(a) respectively, as well as pursuant to the Court's inherent power.  Order at 5-6.  These conclusions are entirely in line with the law.

Based on the foregoing, Defendant's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, ECF 82, is DENIED.

**IT IS SO ORDERED.**

Dated: July 2, 2015

BETH LABSON FREEMAN
United States District Judge

4