*E-Filed: August 19, 2015*

H. MICHAEL BRUCKER LAW CORPORATION
H. MICHAEL BRUCKER (#36297)
5855 DOYLE STREET, SUITE 110
EMERYVILLE, CA  94608
Telephone:  (510) 654-6200
Facsimile:  (510) 654-6166
E-Mail:  michael@hmblawoffice.com

STEVEN M. KIPPERMAN LAW CORPORATION
STEVEN M. KIPPERMAN (#40895)
220 Montgomery St., Ste. 1077
San Francisco, CA  94104
Telephone:  (415) 397-8600
Facsimile:  (415) 397-0792
E-Mail:  kipperman@aol.com

Counsel for Defendant
WOSS Enterprises LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>WOSS ENTERPRISES LLC<br><br>        Defendant. | Case No.  C 14- 01725 BLF<br><br>**Stipulated Protective Order**<br>MODIFIED BY THE COURT |

STIPLUATED PROTECTIVE ORDER
Case No. C14-01725 BLF

1. <u>PURPOSES AND LIMITAITONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

1   could not be avoided by less restrictive means.

2       2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

3   Material from a Producing Party.

4       2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure

5   or Discovery Material in this action.

6       2.7    <u>Designating Party</u>: a Party or non-party that designates

7   information or items that it produces in disclosures or in responses to discovery as

8   "Confidential" or "Highly Confidential -- Attorneys' Eyes Only."

9       2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is

10  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

11      2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party

12  but who are retained to represent or advise a Party in this action.

13      2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

14      2.11    <u>Counsel</u> (without qualifier): Outside Counsel and House

15  Counsel (as well as their support staffs).

16      2.12    <u>Expert</u>: a person with specialized knowledge or experience in a

17  matter pertinent to the litigation who has been retained by a Party or its counsel to

18  serve as an expert witness or as a consultant in this action and who is not a past or a

19  current employee of a Party or of a competitor of a Party's and who, at the time of

20  retention, is not anticipated to become an employee of a Party or a competitor of a

21  Party's.  This definition includes a professional jury or trial consultant retained in

22  connection with this litigation.

23      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation

24  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

25  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

26  and their employees and subcontractors.

    <span style="color:red">[See Exhibit B for amended Section 3.]</span>

27      3.    <u>SCOPE</u>

28      ~~The protections conferred by this Stipulation and Order cover not only~~

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

1  ~~Protected Material (as defined above), but also any information copied or extracted~~
2  ~~therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus~~
3  ~~testimony, conversations, or presentations by parties or counsel to or in court or in~~
4  ~~other settings that might reveal Protected Material.~~

[See Exhibit B for amended Section 4.]

5  4.     DURATION

6  ~~Even after the termination of this litigation, the confidentiality obligations~~
7  ~~imposed by this Order shall remain in effect until a Designating Party agrees~~
8  ~~otherwise in writing or a court order otherwise directs.~~

9  5.     DESIGNATING PROTECTED MATERIAL

10       5.1    Exercise of Restraint and Care in Designating Material for
11  Protection. Each Party or non-party that designates information or items for
12  protection under this Order must take care to limit any such designation to specific
13  material that qualifies under the appropriate standards.  A Designating Party must
14  take care to designate for protection only those parts of material, documents, items,
15  or oral or written communications that qualify – so that other portions of the
16  material, documents, items, or communications for which protection is not
17  warranted are not swept unjustifiably within the ambit of this Order.

18       Mass, indiscriminate, or routinized designations are prohibited.  Designations
19  that are shown to be clearly unjustified, or that have been made for an improper
20  purpose (e.g., to unnecessarily encumber or retard the case development process, or
21  to impose unnecessary expenses and burdens on other parties), expose the
22  Designating Party to sanctions.

23       If it comes to a Party's or a non-party's attention that information or items
24  that it designated for protection do not qualify for protection at all, or do not qualify
25  for the level of protection initially asserted, that Party or non-party must promptly
26  notify all other parties that it is withdrawing the mistaken designation.

27       5.2    Manner and Timing of Designations. Except as otherwise
28  provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

1  otherwise stipulated or ordered, material that qualifies for protection under this
2  Order must be clearly so designated before the material is disclosed or produced.
3  　　　　　　　Designation in conformity with this Order requires:
4  　　　　　　　　　　(a) <u>for information in documentary form</u> (apart from transcripts
5  of depositions or other pretrial or trial proceedings), that the Producing Party affix
6  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
7  EYES ONLY" at the top of each page that contains protected material.  If only a
8  portion or portions of the material on a page qualifies for protection, the Producing
9  Party also must clearly identify the protected portion(s) (e.g., by making
10 appropriate markings in the margins) and must specify, for each portion, the level
11 of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL – ATTORNEYS' EYES ONLY").
13 　　　　A Party or non-party that makes original documents or materials available for
14 inspection need not designate them for protection until after the inspecting Party
15 has indicated which material it would like copied and produced.  During the
16 inspection and before the designation, all of the material made available for
17 inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18 ONLY."  After the inspecting Party has identified the documents it wants copied
19 and produced, the Producing Party must determine which documents, or portions
20 thereof, qualify for protection under this Order, then, before producing the specified
21 documents, the Producing Party must affix the appropriate legend
22 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY") at the top of each page that contains Protected Material.  If only a portion
24 or portions of the material on a page qualifies for protection, the Producing Party
25 also must clearly identify the protected portion(s) (e.g., by making appropriate
26 markings in the margins) and must specify, for each portion, the level of protection
27 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY").

1         (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

        Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

        (c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

1       5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2     Meet and Confer.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

[See Exhibit B for amended Section 6.3]

        6.3     Judicial Intervention. ~~A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in~~

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

1  ~~compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged~~
2  ~~material and sets forth in detail the basis for the challenge.  Each such motion must~~
3  ~~be accompanied by a competent declaration that affirms that the movant has~~
4  ~~complied with the meet and confer requirements imposed in the preceding~~
5  ~~paragraph and that sets forth with specificity the justification for the confidentiality~~
6  ~~designation that was given by the Designating Party in the meet and confer~~
7  ~~dialogue.~~

~~The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.~~

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed];

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

No person receiving documents designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or confidential information derived therefrom, may participate in the drafting or prosecution of any patent application relating to hanger rod stiffening apparatuses and related accessories for a period of one year after the termination of this litigation, including all appeals. No patent arising out of any patent application whose drafting or prosecution contravened this subparagraph shall be asserted against any party whose confidential information was disclosed to any persons participating in that drafting or prosecution.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that: (1) sets forth the full name of the Expert and

1  the city and state of his or her primary residence; and (2) identifies the Expert's
2  current employer(s).  At such time that it is decided that the Expert will be
3  testifying, than the Designating Party shall, in addition: (1) provide a copy of the
4  Expert's current resume; (2) identify each person or entity from whom the Expert
5  has received compensation for work in his or her areas of expertise or to whom the
6  expert has provided professional services at any time during the preceding five
7  years; and (3) identify (by name and number of the case, filing date, and location of
8  court) any litigation in connection with which the Expert has provided any
9  professional services during the preceding five years..

10         (b) A Party that makes a request and provides the information
11 specified in the preceding paragraph may disclose the subject Protected Material to
12 the identified Expert unless, within seven court days of delivering the request, the
13 Party receives a written objection from the Designating Party.  Any such objection
14 must set forth in detail the grounds on which it is based.

15         (c) A Party that receives a timely written objection must meet
16 and confer with the Designating Party (through direct voice to voice dialogue) to try
17 to resolve the matter by agreement *within seven days of the written objection*.  If no agreement is reached, ~~the Party seeking to~~
18 ~~make the disclosure to the Expert may file a motion as provided in Civil Local Rule~~ *the parties may seek judicial relief pursuant to the Standing Order.*
19 ~~7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission~~
20 ~~from the court to do so.~~  Any ~~such motion~~ *Discovery Dispute Joint Report* must describe the circumstances with
21 specificity, set forth in detail the reasons for which the disclosure to the Expert is
22 reasonably necessary, assess the risk of harm that the disclosure would entail and
23 suggest any additional means that might be used to reduce that risk.  In addition,
24 any such ~~motion~~ *Discovery Dispute Joint Report* must ~~be accompanied by a competent declaration in which the~~ *describe*
25 ~~movant describes~~ the parties' efforts to resolve the matter by agreement (i.e., the
26 extent and the content of the meet and confer discussions) and set~~s~~ forth the reasons
27 advanced by the Designating Party for its refusal to approve the disclosure.
28         In any such proceeding the Party opposing disclosure to the

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

[See Exhibit B for amended Section 10.]

10. FILING PROTECTED MATERIAL. ~~Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.~~

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, ^as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<span style="color:red">13. All discovery and disclosure disputes are subject to the undersigned's Standing Order.</span>

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 7, 2015

/s/ Michael Waters
Vedder Price P.C.
Attorneys for Plaintiff, Fitness Anywhere, LLC

DATED: May 7, 2015
/s/ H. Michael Brucker
H. Michael Brucker Law Corp.
Steven M. Kipperman Law Corp.
Attorneys for Defendant WOSS Enterprises, LLC

<span style="color:red">AS MODIFIED BY THE COURT</span>
PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 19, 2015

_____
~~Judge Beth Labson Freeman~~
<span style="color:red">Hon. Howard R. Lloyd
United States Magistrate Judge</span>

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

1 | Signature: _____
2 |             [signature]
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPLUATED PROTECTIVE ORDER
Case No. C 14-01725 BLF

**Exhibit B**

3. <u>Scope</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>Duration.</u>  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or review of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  For a period of six months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this order.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties shall comply with the undersigned's Standing Order Re: Civil Discovery Disputes.  Any DDJR shall affirm that the meet and confer requirements imposed in the preceding paragraph have been satisfied. Failure by the Designating Party to timely seek judicial intervention shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation at any time if there is good cause for doing so, including a

challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek relief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

10.     <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.