E-Filed 12/9/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOSS ENTERPRISES LLC,<br><br>　　　　Defendant. | Case No. 14-cv-01725-BLF   (HRL)<br><br>**ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S ITEMIZED FEES**<br><br>Re: Dkt. No. 83 |

Fitness Anywhere LLC sues Woss Enterprises LLC for patent and trademark infringement, unfair competition, and tortious interference with prospective economic relationships. Defendant redesigned exercise equipment that allegedly infringed on Plaintiff's patents, but Defendant did not promptly notify Plaintiff of the redesign. Plaintiff moved for sanctions to be paid by Defendant and its counsel. Dkt. No. 53. The court granted the motion with respect to three categories of Plaintiff's costs: (1) preparing and briefing its motion for leave to amend its infringement contentions; (2) preparing its amended infringement contentions; and (3) preparing and briefing its motion for sanctions. Dkt. No. 73 at 6.

Defendant moved the presiding district judge for relief from the sanctions order. Plaintiff filed an itemized list of fees for each category of sanctions awarded by the court and Defendant timely filed objections to Plaintiff's fees. The presiding district judge denied the motion for relief from the sanctions order. Dkt. No. 84. The undersigned now rules on Defendant's objections to Plaintiff's itemized fees.

**Discussion**

Defendant first objects that no sanctions should be awarded because no additional costs were incurred as the result of Defendant's sanctioned conduct. Dkt. No. 83 at 4-5. This objection provides no valid basis to conclude that any particular itemized fee falls outside the categories of

sanction fees described in the court's prior order. Rather, this objection attempts to re-litigate whether the sanctions should have been ordered in the first place. The undersigned rejects Defendant's objection to the propriety of issuing any sanctions.

The second objection is similar to the first objection: Defendant argues it was improper to award fees related to the preparation of supplemental infringement contentions because those fees were not caused by the sanctioned conduct. Dkt. No. 83 at 5-6. Once again Defendant objects to the propriety of awarded sanctions instead of arguing that any particular fee falls outside the scope of the sanctions order. The second objection is rejected.

Defendant also objects that several specific line items bill for an unreasonably excessive amount of time or do not clearly fall within the scope of the sanctions order. Defendant cites these objections in a coded chart. Dkt. No. 83 at 7-13. Defendant also specifically argues that the redesigned product is simple and therefore the amount of time billed for "analyzing" is excessive, but Defendant does not cite to any particular line item and it is not clear which line item or line items Defendant had in mind. Dkt. No. 83 at 6-7. The court shall therefore address each line item Defendant has labeled as an unreasonably excessive amount of time billed.

Defendant objects to 3.15 hours billed on May 18, 2015 when a lawyer "[u]pdate[d] different issues in reply to request to amend constructions." Dkt. No. 76-1 at 6. Defendant labels the 3.15 hours as unreasonably excessive and also labels the description of the work as too vague to be clearly compensable. Dkt. No. 83 at 11. The court rejects the vagueness argument. This line item, in the context of the surrounding line items that describe work on the reply brief that Plaintiffs filed to support the motion for leave to amend infringement contentions, clearly describes a lawyer's compensable editorial work on a reply brief draft. Dkt. No. 76-1 at 6. The court also rejects the excessive-time argument; 3.15 hours is a reasonable amount of time to spend editing a reply brief draft.

Defendant objects to 11.55 hours billed when Plaintiff's counsel prepared for, and traveled to and from, a hearing on the motion for leave to amend the infringement contentions. Defendant argues this was an unreasonably excessive use of time, both because local counsel from the same firm could have attended the hearing and because the hearing was vacated by the court. The court

disagrees on both counts: it was reasonable for the firm to send a veteran lawyer to an important hearing instead of the firm's local associate, and the time reasonably spent preparing for and traveling to the hearing did not retroactively become unreasonable when the court sua sponte vacated the hearing and issued an order on the papers. Defendant also objects that 3.35 of those 11.55 hours—time spent returning from the expected hearing and reading the court's order—are partially attributed to a non-compensable task. *See* Dkt. No. 83 at 8, 12. Even if reading the court's order on the motion for leave to supplement infringement contentions is not a compensable activity, it is clear that those 3.35 hours are fully compensable as a portion of the time spent on the reasonable and necessary return trip from San Jose to Chicago.

Defendant next objects to the unreasonable excessiveness of .7 hours spent on June 12 reviewing a sample of the allegedly infringing product, 7.1 hours spent on June 16 conducting factual and legal research into how the infringement contentions should be amended, 6.7 hours spent on June 17 documenting product changes and researching whether certain infringing products were still for sale under different names, and 1.2 hours spent preparing amended infringement contentions, reviewing a relevant memo, and researching relevant Federal Circuit case law. Dkt. No. 83 at 12-13; Dkt. No. 76-1 at 9. Defendant also labels the 7.1 hours invoiced for June 16 and the 6.7 hours invoiced for June 17 as relating to work that is not all clearly compensable. The court rejects these objections. It was reasonable, non-excessive, and clearly compensable to spend .7 hours on June 12 reviewing a product sample, 7.1 hours on June 16 conducting infringement-contention research, 6.7 hours on June 17 documenting product changes and researching whether certain infringements were still ongoing, and 1.2 hours on June 18 preparing amended infringement contentions, reviewing a relevant memo, and researching relevant Federal Circuit case law.

Finally, the court addresses the remaining line items designated by Defendant as either describing non-compensable work or else failing to delineate the portion of the described work that is compensable: (1) analyzing Plaintiff's patent portfolio and researching this district's local rules regarding the amendment of infringement contentions on April 3 and April 8; (2) continuing a preliminary analysis of the redesigned product and beginning to research the case law on

motions for leave to amend and motions for sanctions on April 16 and April 17; (3) drafting an affidavit and coordinating the filing of a motion and other sanction motions on May 1; and (4) conducting engineering, reviewing the redesign, and drafting an affidavit and reply document on May 14. The court rejects the not-clearly-compensable objections with respect to the April line items because all of the work described is clearly compensable—it does not matter that the time spent is not fully itemized between the compensable tasks described. Similarly, the court rejects the not-clearly-compensable objection raised against the May 14 line item; the court finds it contextually clear that each described task is compensable as work that supported the drafting of the reply brief Plaintiff filed in support of the motion for leave to amend the infringement contentions. Dkt. No. 76-1 at 6. The court does agree, however, with the not-clearly-compensable objection raised against the May 1 line item. That line item appears to describe, in part, non-compensable work that went towards filing an unrelated administrative motion, Dkt. No. 54, and the line item does not delineate between time spent on compensable work and time spent on non-compensable work.

## Conclusion

The court agrees with Defendant that $2,821.50 worth of fees billed by Plaintiff on May 1, 2015 should not be paid as sanctions because an indeterminate portion of those fees are not compensable. The court rejects Defendant's other objections. The other fees filed by Plaintiff appear reasonable and those fees clearly fall within the scope of the sanctions previously ordered by the court. Defendant and its counsel shall therefore pay $56,835.75 as sanctions—the total of the fees filed by Plaintiff minus $2,821.50.

**IT IS SO ORDERED.**

Dated: 12/9/15

_____
HOWARD R. LLOYD
United States Magistrate Judge