UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOSS ENTERPRISES LLC,<br><br>　　　　Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO AMEND SCHEDULING ORDER**<br><br>[Re: ECF 151] |

Defendant Woss Enterprises LLC ("Woss") seeks leave to bring a second motion for summary judgment because the Court allegedly "first construed the 'flexible portion having a loop' element of Claim 1 to be a rigid loop in its Order of August 23, 2016." Mot., ECF 151. Defendant argues that prior to the Court's August 23, 2016 order "Defendant held the reasonable belief that the correct construction of Claim 1 requires the elongated member to pass through a flexible loop." *Id.* at 1. Fitness Anywhere LLC ("TRX") objects to Woss' motion, claiming that it is procedurally improper and would prejudice TRX if the Court were to grant the motion. Opp. 2–3, ECF 152. The Court DENIES Defendant's motion for the reasons discussed below.

First, Defendant's motion is untimely. This Court's standing order allows each party to file only one motion for summary judgment without leave of court and requires that summary judgment motions be heard at least 90 days before trial. Standing Order re Civil Cases, subsection F. Through its motion, however, Woss seeks permission to file a second motion for summary judgment less than seven weeks before trial.[1] Granting Woss' motion would require the Court to hear Woss' second motion for summary judgment on the eve of trial, or perhaps even after trial. The Court declines to do so.

Second, the Court finds that TRX would be prejudiced if the Court were to grant

---

[1] Trial is scheduled to begin on October 24, 2016. ECF 102.

Defendant's motion. In its opposition, TRX states that "the parties are less than seven (7) weeks from trial, less than four (4) weeks from the final pretrial conference, and less than two (2) weeks from the deadline for submission of the join pretrial conference statement." Opp. 3, ECF 152. TRX thus contends that requiring it to prepare for the pretrial conference, trial, and deal with another round of summary judgment briefing would impose a significant burden. *Id.* TRX also contends that it would be "forced to prepare for trial without knowing what matters will be at issue" while simultaneously preparing its response to Woss' second summary judgment motion. *Id.* Thus, the Court agrees that TRX would be prejudiced if the Court were to grant Defendant's motion.

Finally, in its motion, Woss misstates the Court's August 23 order. Woss states that "the Court first construed the 'flexible portion having a loop' element of Claim 1 to be a rigid loop in its Order of August 23, 2016." Mot., ECF 151. However, contrary to Woss' assertion, the order finds that "claim 1 *does not require* the loop to be flexible," not that the loop must be rigid.[2] Order 27, ECF 150 (emphasis added). Therefore, the basis for Defendant's motion is a fallacy.

Accordingly, the Court DENIES Defendant's motion for administrative relief.

**IT IS SO ORDERED**

Dated: September 7, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Court further notes that the parties stipulated to Woss' proposed construction of "loop" to mean "a length of material made of one or more pieces formed into a ring or closed or partially closed curved section." Cl. Constr. Order 5, ECF 97. Nowhere in the *Markman* briefs did either party suggest that "loop" was limited to flexible or rigid material.