UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br>   Plaintiff,<br>   v.<br>WOSS ENTERPRISES LLC,<br>   Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF** |

Before the Court is Defendant Woss Enterprises LLC's ("Woss") Motion for Administrative Relief, which seeks to shorten the time for Plaintiff Fitness Anywhere LLC ("TRX") to respond to Woss's Motion in Limine #1. For the reasons discussed below, Woss's motion is DENIED.

On July 26, 2016, TRX served the opening report of its infringement expert, Mr. Harvey Voris. Mot. 1, ECF 181. Following the close of expert discovery, the parties began preparations for trial, which, at the time, was set to begin on October 24, 2016. ECF 102. On September 15, 2016, Woss filed its Motion in Limine #1, which sought to strike portions of Mr. Voris's report on the grounds that they materially differed from TRX's Patent L.R. 3-1 infringement contentions. ECF 158. However, before TRX's response was due, on September 20 and 21, 2016 respectively, the Court held a Case Management Conference and issued a Case Management Order postponing trial until March 10, 2017, as the Court's schedule was no longer able to accommodate an earlier trial date. ECF 179, 180. In its Case Management Order, the Court set the deadline for all oppositions to the parties' motions in limine to February 9, 2017. ECF 180.

Nearly four months later, on January 18, 2017, Woss filed the instant motion. ECF 181. In its motion, Woss argues that the Court should shorten the time for TRX to respond to Woss's

1  Motion in Limine #1 (and not any of its other five motions) because the current deadline threatens
2  the "potential for a disruption in the orderly preparation for trial."  Mot. 1, ECF 181.  Woss
3  appears to contend that shortening the time for response would help reduce uncertainty relating to
4  Dr. Voris's potential testimony at trial as well as certain claim construction issues.  Mot. 1-3, ECF
5  181.  TRX filed its response on January 23, 2017, arguing that Woss's motion was untimely,
6  unwarranted, procedurally improper, and sought prejudicial relief.  Opp. 1-4, ECF 182.

7  Having considered the parties' submissions, the Court determines that no change in the
8  briefing schedule is warranted.  The basis for Woss's Motion in Limine #1 is that Mr. Voris's
9  opinions are at variance with TRX's Patent L.R. 3-1 infringement contentions.  ECF 158.  This is
10 information that was available to Woss on July 26, 2016, when TRX served Mr. Voris's
11 infringement report.  It was not newly provided at Mr. Voris's deposition on January 12, 2017.  As
12 such, if the circumstances relating to Woss's Motion in Limine #1 were such that an earlier time
13 for response was needed, this is something that Woss should have been able to recognize around
14 the time it filed its Motion in Limine #1, and it should have brought this to the Court's attention by
15 October or early November at the latest.  In its motion, Woss provides no reason for why its
16 request was so delayed, and the Court discerns none.  At this point, only two and a half weeks
17 remain in TRX's time for response, and any shortening of this period would be highly prejudicial
18 to TRX.  Moreover, since Woss does not request a change to the date of the Court's pretrial
19 conference, where it will hear argument on Woss's Motion in Limine #1, it is unclear that Woss's
20 motion will affect any of the benefits it advocates.  As such, the Court maintains its original
21 briefing schedule and DENIES Woss's motion.

22 In addition, because neither of the parties have requested further construction of any claim
23 terms in the many months that have passed, the Court will not hold any supplementary claim
24 construction proceedings prior to trial.  All experts will be expected to provide opinions according
25 to the Court's current claim construction order.  ECF 97.

26
27 **IT IS SO ORDERED.**
28

Dated: January 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge