1  [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  FITNESS ANYWHERE LLC,                Case No. 5:14-cv-01725 BLF

12            Plaintiff,                 **AMENDED JOINT PRETRIAL
                                         STATEMENT AND ORDER**
13       v.
                                         Date:     February 23, 2017
14  WOSS ENTERPRISES, LLC,               Time:     1:30 p.m.
                                         Crtrm:    3, 5th Floor
15            Defendant.                 Judge:    Hon. Beth Labson Freeman

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

1

2

Pursuant to the Court's Standing Order Re Final Pretrial Conference – Jury Trial, the parties submit the following Amended Joint Pretrial Statement and Order.

3

4

## I.     THE ACTION

### A.     The Parties

5

6

The parties to this action are Plaintiff, Fitness Anywhere LLC ("TRX"), a Delaware limited liability company having its principal place of business in San Francisco, California, and Defendant, WOSS Enterprises, LLC ("WOSS"), a California limited liability company having its principal place of business in Antioch, California.

7

8

9

### B.     Substance of the Action

10

11

12

13

14

15

TRX asserts claims against WOSS for patent infringement, federal trademark infringement, federal and state unfair competition, and tortious interference with prospective economic relationships.  *See* First Amended Complaint (Dkt. No. 46).  WOSS asserted a counterclaim that seeks declaratory judgment, that certain TRX patents are invalid, void and unenforceable. [1]  *See* Defendant's Second Amended Answer and Affirmative Defenses; First Amended Counterclaim (Dkt. No. 47).

16

17

18

19

20

21

22

The Court narrowed the scope of the action through its Order (1) Granting in Part and Denying in Part WOSS's Motion for Summary Judgment (finding the 814 Patent invalid; the 197 Patent not infringed; and independent claims 12 and 21 of the 896 Patent not infringed), and (2) Denying Fitness Anywhere's Motion for Partial Summary Judgment, and (3) Denying Fitness Anywhere's Motion for a Preliminary Injunction (Dkt. No. 149).  At the Court's direction, the parties have agreed to further reduce the claims and defenses they will assert at trial to the following:

23

24

### 1.     Patent Infringement

TRX asserts that it is owner of all rights, title and interest in United States Patent No.

25

26

27

28

---

[1] Previously, there were two additional patents-in-suit: U.S. Patent No. 7,806,814 (the "'814 patent") and U.S. Patent No. 8,043,197 (the "'197 patent").  The Court ruled the '814 patent invalid (Dkt. No. 149) and the 197 Patent not infringed, and claims 12-25 of the '896 patent not infringed. *Id*.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

7,044,896 (the "'896 patent") and that certain WOSS products infringe Claim 1 of the '896

Patent, directly, through the doctrine of equivalents and/or by inducing or contributing to the

infringement of another.

WOSS contends that the doctrine of equivalents is not an issue that Plaintiff is permitted

to raise because neither Plaintiff 's PLR 3-1(c) Infringement Contentions nor the Infringement

Contentions set forth in the report of its designated trial expert, Mr. Harvey Voris, relies on the

doctrine of equivalents and that Plaintiff has never otherwise applied the doctrine of equivalents

in connection with the 896 Patent. At his deposition, Mr. Voris said that his testimony at trial will

not include any opinions not contained in his report. There is no discussion or opinion related to

the doctrine of evidence to be found in his report.

TRX alleges the following WOSS products infringe the above-referenced claims of the

'896 patent:

(1) the Titan 1 ½ in. Wide Strap;

(2) the 3000 Equalizer;

(3) the Military Gym Style (later renamed the ATTACK);

(4) the Military 1 in. Trainer;

(5) the Military 1 ½ in. Trainer;

(6) the WOSS XT.

Collectively, products (1)-(6) are referenced below as the "Accused Products."   The

parties have stipulated that one Accused Product—the Titan—may stand as a representative

product for them all.[2]

WOSS contends that the Accused Products do not infringe independent Claim 1 of the

'896, and thus also do not infringe dependent Claims 2-4 and 6-11.  Specifically, WOSS contends

that the Accused Products lack one or more elements specified in Claim 1.  WOSS further asserts

---

[2] TRX contends that in the event the Court grants WOSS's Motion *in Limine* #1 solely with
respect to the Titan, the parties should select an alternative representative product.  WOSS
contends the Court's ruling on WOSS's Motion *in Limine* #1 should apply to all accused
products.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

that certain constructions of Claim 1 of the '896 patent, are impermissible as they would render Claim 1 invalid as being anticipated by (35 U.S.C. § 102), or obvious (35 U.S.C. § 103) in view of, the prior art patent 5,352,172 to Suzaki ("Suzaki patent"). WOSS does not otherwise assert that the '896 Patent is invalid.

### 2.    Trademark Infringement

TRX asserts that it owns the registered trademark and service mark SUSPENSION TRAINING, as well as the registered trademark FITNESS ANYWHERE.  TRX contends that WOSS has infringed TRX's federally registered marks in two ways.  First, WOSS uses terms confusingly similar to SUSPENSION TRAINING, and second, WOSS uses SUSPENSION FITNESS, an expression confusingly similar to one or both of TRX's marks.

WOSS asserts that TRX does not own a federal registration for the words "suspension trainer" and does not assert any common law trademark rights in the words "suspension trainer." Defendant further asserts that TRX's mark SUSPENSION TRAINING is invalid because it is generic or merely descriptive and does not operate as a brand name to identify a single source; that  FITNESS ANYWHERE and SUSPENSION FITNESS are not in the context of the market in which they are used, likely to cause confusion; to the extent WOSS uses the words "suspension trainer" or "suspension training," they are used to truthfully describe its own products to inform customers of the products it sells, and the uses of the products and not as a brand name, whereby WOSS's use falls easily in the protected area of classic "fair use".  WOSS further contends that SUSPENSION FITNESS is not so similar to FITNESS ANYWHERE as to likely to cause confusion as to source, especially when viewed in the context of the fitness market and also because WOSS prominently displays its registered mark "WOSS" and its registered Winged Lion logo trademark in all of WOSS's ads and on its goods.

### 3.    Federal and State Unfair Competition

TRX asserts that it owns the registered trademark and service mark SUSPENSION TRAINING, as well as the registered trademark FITNESS ANYWHERE.  Plaintiff contends that WOSS has used confusingly similar imitations of TRX's federally registered marks and that such

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

use is likely to cause confusion, deception, and mistake by creating the false and misleading impression that WOSS's goods are manufactured or distributed by TRX, or are associated with TRX, or have sponsorship, endorsement, or approval of TRX.  Additionally, TRX contends that WOSS has made false or deceptive statements regarding its own or TRX's products, including statements that (i) WOSS's products are "made in the USA" and (ii) advertising false "discounted" prices and artificial  list prices. TRX contends that WOSS's actions  constitute unfair competition under California law, in violation of 15 U.S.C. § 1125(a) and California Business and Professions Code § 17200 and are unlawful under  California Business and Professions Code §§ 17501 and 17501.

WOSS asserts it has made no false or confusing statements that would cause confusion as to source, and that any damages are beyond speculative given the superior quality, dramatically lower price point of WOSS's goods, and the lack of any evidence that any sale was lost due to WOSS's use of the alleged trademark infringement, and the availability of other WOSS products and any one of a dozen third party substitutes at dramatically lower prices.  WOSS also contends that any ads listing "discount prices" were not its ads but those of Amazon and that the WOSS ads on its own web pages do not include any mention of "discount prices".  WOSS also contends that all of its products are manufactured in Antioch, California.

### 4.    Tortious Interference with Prospective Economic Advantage

TRX asserts that there exists an economic relationship between TRX and purchasers of exercise equipment and a probability of future economic benefit to TRX from these purchasers, and that WOSS has wrongfully acted to disrupt this relationship through misrepresentations to purchasers and violations of federal patent and trademark laws, and federal and state unfair competition laws.

WOSS asserts it has not committed, and TRX cannot prove, any interference claim as alleged because the intent requirement is lacking and because WOSS has committed no independent wrongful act that supports such a claim under California law.  Moreover, damages from any such acts are speculative for the reasons set forth above.  Any loss of Plaintiff's sales

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

caused by WOSS was a result of fair and honest competition.

**C.     Relief Sought**

**1.     By TRX**

TRX seeks damages, enhanced damages, punitive damages, costs, attorneys' fees, declaratory and injunctive relief as follows:

(a)     A judgment that WOSS has infringed the '896 patent;

(b)     A judgment that each Accused Product infringes the '896 patent;

(c)     An order and judgment enjoining WOSS and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '896 patent;

(d)     A judgment awarding TRX all damages adequate to compensate for WOSS's infringement of the '896 patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(e)     A judgment awarding TRX all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

(f)     An order and judgment enjoining WOSS and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of misappropriation or infringement of the SUSPENSION TRAINING trademark and service mark;

(g)     An order and judgment enjoining WOSS and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of misappropriation or infringement of the FITNESS ANYWHERE trademark;

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

1

2

3

4
      (h)     A judgment awarding TRX all damages adequate to compensate for WOSS's infringement of the SUSPENSION TRAINING trademark and service mark, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5

6

7
      (i)     A judgment awarding TRX all damages adequate to compensate for WOSS's infringement of the FITNESS ANYWHERE trademark, including all pre-judgment and post-judgment interest at the maximum rate permitted by law

8

9
      (j)     A judgment awarding TRX its reasonable attorneys' fees and costs of suit pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117;

10

11
      (k)     Restitutionary relief against WOSS and in favor of TRX, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12

13
      (l)     A judgment that WOSS has violated 15 U.S.C. § 1125(a) and enjoining WOSS from further violations of that law.

14

15
      (m)     A judgment that WOSS has violated California Business and Professions Code § 17200 and enjoining WOSS from further violations of that law.

16

17
      (n)     An accounting of WOSS's profits pursuant to 15 U.S.C. § 1117;

18
      (o)     A judgment that WOSS tortiously interfered with TRX's prospective economic relationships;

19

20
      (p)     A judgment for exemplary and punitive damages;

21
      (q)     Any other remedy to which TRX may be entitled, including all remedies provided for in 35 U.S.C. §§ 284 and 285, 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a), California Business and Professions Code § 17200, and under any other law.

22

23

24
TRX further refers to the Expert Report of Kimberly Schenk (Dkt. No. 174-5), and submits herewith a copy of the Supplemental Expert Report of Kimberly Schenk (Dkt. No. 194-1), which further set forth TRX's alleged damages.  WOSS asserts the "supplemental report" is improper and contains nothing but legal argument.

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

**2.   By WOSS**

(a)   That Plaintiff be denied all relief it has requested;

(b)   That none of the Accused Products infringe Claim 1 of the '896 Patent;

(c)   That any patent infringement found by WOSS was not willful;

(d)   That Claim 1 <u>must</u> be construed to exclude a rigid support on which the "elongated member" is supported and passes through in order not to be anticipated by the prior art Suzaki patent;

(e)   That the words "suspension trainer" are merely descriptive of a type of fitness trainer and are not used by WOSS as a source identifier (brand name) but rather as a product descriptor and therefore do not infringe any trademark rights of Plaintiff;

(f)   That the mark SUSPENSION FITNESS is not likely when and as used by WOSS to cause confusion as to source with the mark FITNESS ANYWHERE.

(g)   That any trademark infringement by WOSS was not intentional or willful or egregious, or with the knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.  15 U.S.C. §1114(b).

**D.   Federal Jurisdiction and Venue**

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.  The parties further agree that venue is appropriate because both parties are located and conduct business within the State of California and within this judicial district.

**II.   FACTUAL BASIS OF THE ACTION**

**A.   Undisputed Facts**

1.   TRX is a Delaware limited liability company, and its principal place of business is in San Francisco, California.

2.   WOSS is a California limited liability company, and its principal place of business is in Antioch, California.

3.   Venue is proper in this District.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

4.      The Court has personal jurisdiction over each of the parties, and each of them transact business within this District.

5.      U.S. Patent No. 7,044,896, entitled "EXERCISE DEVICE INCLUDING ADJUSTABLE, INELASTIC STRAPS," was issued on May 16, 2006 to Randal A. Hetrick.

6.      TRX owns, by assignment, the entire right, title, and interest in and to the '896 Patent.

7.      TRX owns a federal trademark registration, Reg. No. 3,255,160, issued by the United States Patent and Trademark Office on June 26, 2007, for the trademark SUSPENSION TRAINING.

8.      TRX owns a federal service mark registration, Reg. No. 3,255,161, issued by the United States Patent and Trademark Office on June 26, 2007, for the service mark SUSPENSION TRAINING.

9.      TRX owns a federal trademark registration, Reg. No. 2,975,844, issued by the United States Patent and Trademark Office on July 26, 2005, for the trademark FITNESS ANYWHERE.

10.     TRX's federally registered SUSPENSION TRAINING and FITNESS ANYWHERE marks are incontestable under 15 U.S.C. § 1065.

11.     WOSS filed an application to register the mark SUSPENSION FITNESS on November 20, 2014 as actual use.  The mark was filed in International Class 028 for manually-operated exercise equipment.  The application was rejected on the grounds that the mark is merely descriptive of a certain kind of exercise equipment, if not generic and WOSS abandoned the application.

12.     WOSS's first use of SUSPENSION FITNESS in commerce was on October 19, 2014.

13.     TRX and WOSS compete in the fitness industry in connection with certain physical training devices.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

14.     WOSS sells or has sold the following products ("Accused Products"):

(a)     the Titan 1 ½ in. Wide Strap;

(b)     the 3000 Equalizer;

(c)     the Military Gym Style (later renamed the ATTACK);

(d)     the Military 1 in. Trainer;

(e)     the Military 1 ½ in. Trainer; and

(f)     the WOSS XT.

15.     WOSS sells or has sold other physical trainers which Plaintiff has not accused of infringement.

16.     Each of the Accused Products is made, used, sold and/or offered for sale in the United States.

17.     Each of the Accused Products is offered for sale via WOSS's website and on Amazon.com and has been offered for sale through these websites years before and during the course of this litigation.

18.     On March 21, 2014, TRX sent and WOSS received a cease-and-desist letter which included copies of three TRX Patents (7,044,896; 7,806,814; and 8,043,197) and the certificates of registration for U.S. Trademark Reg. Nos. 3,255,160 and 3,255,161.

19.     WOSS responded to the cease and desist letter.

20.     TRX never provided WOSS with consent to make use of the alleged invention claimed in the '896 Patent.

21.     Claim 1 of the '896 patent reads as follows:

An adjustable, inelastic exercise device comprising: an elongated member having a pair of ends separated by a length and a mechanism for adjusting said length, where said elongated member is a substantially inelastic flat strap and, where said pair of ends includes a first end having a first grip and a second end having a second grip; and an anchor having a first portion for mounting to a structure and a second portion including a flexible portion to support said elongated member at a position along said length when both of said grips are pulled in a direction away from said anchor, wherein said flexible portion includes a loop, and wherein said elongated member passes through said loop.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

22.     Each of the underlined terms from Claim 1 of the '896 patent are found in each of the Accused Products:

An adjustable, inelastic exercise device comprising: an elongated member having a pair of ends separated by a length and a mechanism for adjusting said length, where said elongated member is a substantially inelastic flat strap and, where said pair of ends includes a first end having a first grip and a second end having a second grip; and an anchor having a first portion for mounting to a structure and a second portion including a flexible portion to support said elongated member at a position along said length when both of said grips are pulled in a direction away from said anchor, wherein said flexible portion includes a loop, and wherein said elongated member passes through said loop.

23.     Although the Accused Products differ in certain respects, the portion of the products relevant to the patent infringement claim is identical (i.e., any sample Accused Product can be representative of all Accused Products at trial for purposes of analyzing infringement/non-infringement of Claim 1 of the '896 patent).  The parties have agreed that the WOSS Titan Trainer can act as a representative accused product.

## B.     Disputed Facts

1.     Whether WOSS, through selling the Accused Products, infringes claim 1-4 and 6-11 of the '896 Patent, directly (whether each and every limitation in claim 1 of the '896 patent is found in the accused products) or through the doctrine of equivalents (35 U.S.C. § 271);[3]

2.     Whether WOSS induced another to infringe claims 1-4 and 6-11 of the '896 Patent (35 U.S.C. § 271).[4]

3.     Whether WOSS has contributed to infringement by another of claims 1-4 and 6-11 of the '896 Patent (35 U.S.C. § 271).

4a.     Whether the Accused Products have: "a mechanism for adjusting said length , a first end having a first grip," and "a second end having a second grip; including a flexible portion to support said elongated member at a position along said length when

---

[3] WOSS contends the doctrine of equivalents is not an issue that Plaintiff is permitted to raise. *See* footnote 2.

[4] WOSS submits that neither induced infringement nor contributory infringement will be an issue at trial because WOSS will not defend based on the fact that the accused products are delivered to customers with the components only partially assembled.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

1

2
both of said grips are pulled in a direction away from said anchor, a loop, wherein said

3
elongated member passes through said loop."

4
4b.    Whether the Accused Products have: "a mechanism for adjusting said

5
length [of said elongated member], a first end [of said elongated member] having a first

6
grip," and "a second end [of said elongated member] having a second grip; including a

7
flexible portion to support said elongated member at a position along said length [of said

8
elongated member] when both of said grips are pulled in a direction away from said

9
anchor, a loop, wherein said elongated member passes through said loop."

10
5.    If WOSS is found to have infringed the '896 patent, whether its

11
infringement was willful.

12
6.    Whether WOSS infringed TRX's SUSPENSION TRAINING trademark

13
and service mark.

14
7.    Whether WOSS infringed TRX's FITNESS ANYWHERE trademark, or a

15
combination of SUSPENSION TRAINING and FITNESS ANYWHERE.[5]

16
8.    Whether WOSS has used words confusingly similar to TRX's federally

17
registered marks and that such use is likely to cause confusion, or to cause mistake, or to

18
deceive as to the affiliation, connection, or association of such person with another person,

19
or as to the origin, sponsorship, or approval of his or her goods, services, or commercial

20
activities by another person (15 U.S.C. § 1125(a); California Business and Professions

21
Code § 17200).

22
9.    Whether WOSS's use of the words "suspension trainer" are permitted by

23
law under the doctrine of fair use.

24
10.    Whether WOSS's use of the words "suspension training" are permitted by

25
law under the doctrine of fair use.

26

27

28
[5] WOSS contends one cannot be liable for infringement of a combination of marks.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

11.     Whether TRX's SUSPENSION TRAINING trademark and service mark are valid (15 U.S.C. §§ 1057, 1065 and 1115); Whether TRX's SUSPENSION TRAINING trademark and service mark are merely descriptive;

12.     Whether TRX's FITNESS ANYWHERE trademark is valid (15 U.S.C. §§ 1057, 1065 and 1115);

13.     Whether, if WOSS infringed TRX's SUSPENSION TRAINING trademark and service mark, such infringement was intentional (15 U.S.C. § 1117);

14.     Whether, if WOSS infringed TRX's FITNESS ANYWHERE trademark, such infringement was intentional (15 U.S.C. § 1117);

15.     Whether, if WOSS infringed TRX's SUSPENSION TRAINING trademark and service mark, such infringement was willful or egregious, or with the knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.  (15 U.S.C. § 1114(1)(b)).

16.     Whether, if WOSS infringed TRX's FITNESS ANYWHERE trademark and service mark, such infringement was willful or egregious, or with the knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.  (15 U.S.C. § 1114(1)(b)).

17.     Whether WOSS made a false statement of fact in a commercial advertisement about its own or TRX's product (15 U.S.C. § 1125(a)(1) (B); *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012));

18.     Whether, if WOSS made a false statement(s) of fact, they  actually deceived or had the tendency to deceive a substantial segment of the statement's audience (*Id.*);

19.     Whether, if WOSS made a false statement of fact,  the deception is material, in  that it is likely to influence the purchasing decision of its audience (*Id.*);

20.     Whether, if WOSS made a false statement of fact, WOSS caused its false statement to enter interstate commerce (*Id.*);

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

21.     Whether, if WOSS made a false statement of fact, TRX has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to WOSS or by a lessening of the goodwill associated with its products  (*Id*.);

22.     Whether WOSS acted unlawfully  in violation of California Business and Professions Code § 17533.7 (Cal. Bus. & Prof. Code § 17200; *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 (2011));

23.     Whether WOSS acted unlawfully  in violation of California Business and Professions Code § 17501 (*Id*.);

24.     Whether there was a probable economic relationship between TRX and purchasers of exercise equipment. (California Civil Jury Instructions (CACI) 2202; *Youst v. Longo* 43 Cal.3d 64, 71, fn. 6 (1987));

25.     Whether, if there was an probable economic relationship between TRX and purchasers of exercise equipment, WOSS knew of, intended to, and in fact disrupted the relationship by means other than fair competition (*Id*.);

26.     Whether WOSS made misrepresentations of fact to prospective customers of TRX (*Id*.);

27.     Whether WOSS disrupted an economic relationship between TRX and purchasers of exercise equipment that resulted in harm to TRX  (*Id*.);

28.     Whether WOSS's wrongful conduct, if any, was a substantial factor in causing harm to TRX  (*Id*.);

29.     The amount of damages, if any, to which TRX is entitled.

## III.     DISPUTED LEGAL ISSUES

1.     Whether, if WOSS infringed the '896 patent, such infringement was willful (35 U.S.C. § 284);

2.     The remedies, if any, to which TRX is entitled (*Id.*; 35 U.S.C. § 284, 287; 15 U.S.C. § 1111, 1117).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

1

2

3    3.    Whether WOSS is entitled to an award of attorney fees for prevailing on

Summary Judgment that the '814 patent is invalid, that the '197 patent is not infringed and

that Claims 12 – 25 of the '896 Patent are not infringed, and if so in what amount.

4    4.    Whether, if WOSS is found liable for patent infringement, this case is

exceptional under 35 U.S.C. § 285, such that TRX is entitled to its reasonable attorneys'

fees.

5    5.    Whether the scope of Claim 1 of the '896 patent must be construed to

exclude a rigid support for an elongated member.[6]

6    6.    Whether two linked rigid rings can be construed as a "flexible portion" of

an anchor to support an elongated member at a position along said length when both of

said grips are pulled in a direction away from said anchor as called for in claim 1 of the

'896 patent.

7    7.    Whether the scope of claim 1 of the '896 patent must be construed to

exclude a rigid loop on which an elongated member is supported.

## IV.    ESTIMATE OF TRIAL TIME

The Court originally set aside eight (8) days for trial.  In view of the Court's rulings and the

parties' streamlining of issues to be tried, it is now estimated trial will take 4-6 days.

## V.    TRIAL ALTERNATIVES AND OPTIONS

### A.    Settlement Discussions

The parties participated in a settlement conference before Magistrate Judge Spero on July

11, 2016.  Per the Court's Standing Order, counsel for the parties further discussed settlement on

September 8, 2016 as part of their pretrial meet and confer.  The parties have been unable to reach

---

[6] TRX contends that Paragraphs 5-7 of this section are not disputed legal issues; rather, that the Court has already definitively ruled on claim construction matters. *See* Plaintiff's Motion *in Limine* # 4 (Dkt. No. 172). WOSS contends that while the court should not lightly, of course, alter rulings, the court is free to do so and has the power and discretion to do so at any time for any appropriate reason. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir 1997) ("' the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment. . . .'").

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

a settlement and do not presently believe further settlement discussions will be worthwhile.

### B.    Amendments or Dismissals

WOSS has stipulated that it will not directly challenge the validity of the '896 patent other than to show that Claim 1 would be invalid under certain constructions of claim 1.[7] (ECF 178.) Per that stipulation, WOSS has dismissed its counterclaim that the '896 Patent is invalid. The parties have no other amendments or dismissals of claims, however, the parties have agreed that the number of Accused Products is only 6 and that, as to the issue of infringement of Claim 1 of the '896 Patent, the issues are the same for all Accused Products so the Patent case can be tried by a representative Accused Product, the result of which can be applied to the other Accused Products.  The Parties have further stipulated that, with the Court's permission, exhibits can be marked with labels of the same color and that any document can be offered, subject to any appropriate objection by either party.

### C.    Bifurcation or Separate Trial of Issues

Defendant believes that the a separate trial of issues or order of proof (not bifurcation) could result in a significant savings in court time. The evidence Plaintiff must present at trial falls into three major categories: (1) patent infringement; (2) trademark infringement; and, (3) damages. Should Plaintiff's damage expert survive a Daubert challenge as presented in Defendant's MIL #3 (Doc#163),  the damage evidence will be extremely technical, lengthy and tedious, but will be significantly reduced if not eliminated altogether if Plaintiff cannot produce sufficient evidence to get to the jury on either or both liability issues.  Because, there is a real possibility of a directed verdict at the close of Plaintiff's case, Defendant requests that the Court, pursuant to FRE611(a) and its inherent power, order the introduction of evidence as follows:

---

[7] Plaintiff contends the Court has already definitively ruled on claim construction matters and validity of the '896 patent is not at issue in trial. *See* Plaintiff's Motion *in Limine* # 4 (Dkt. No. 172). WOSS contends that while the court should not lightly, of course, alter rulings, the court is free to do so and has the power and discretion to do so at any time for any appropriate reason. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir 1997) ("' the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment. . . .'").

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

Plaintiff submit its liability case for patent infringement and trademark infringement before it puts on any damage evidence; the Court consider and decide Defendant's motions for directed verdicts after Plaintiff rests its liability case.  It could also greatly reduce the trial time if the  Court would hold a Daubert hearing before trial to determine if the "gate should be closed" on Ms. Schenk for not adhering to accepted methodologies and for employing unsupported assumptions.   See Defendant's MIL # 4.

Plaintiff proffers bifurcation (or separate trials) is not appropriate in this case.  "In the Ninth Circuit, [b]ifurcation . . . is the exception rather than the rule of normal trial procedure." *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1729400, at *3 (N.D. Cal. April 27, 2010) (citations omitted).  "The party requesting bifurcation has the burden to prove that it is warranted in that particular case." *Id.* (citing *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992)).  Defendant has not met its burden.

Defendant's arguments for bifurcation are (i) Defendant's own self serving statements regarding its likelihood of success in this case and (ii) Defendant's contention that the damage evidence will be lengthy and tedious.  Defendant's self serving statements are immaterial to the issue of bifurcation, and Defendant's contention regarding the time it would take to address issues of damages is not supported by facts.  Indeed, TRX anticipates the damages portion of its case will take only 1-2 days.  The amount of time required to address damages will depend, in part, on WOSS's cross examination of TRX's damages expert and the extent to which it challenges the assumptions of the expert; however, in large measure, TRX's damage analysis relies on WOSS's own financials, the authenticity and accuracy of which should not be at issue in this case.  Bifurcation would require the parties to recall witnesses who have knowledge of issues pertaining to both liability and damages.  It may also require duplicative testimony on issues such as how WOSS came to develop its products and marketing, which may be relevant to both liability and damages (e.g., willfulness).  In sum, bifurcation will not result in judicial economy, but is likely to actually lengthen proceedings and the Court should deny Defendant's request.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -

AMENDED JOINT PRETRIAL
STATEMENT AND ORDER
5:14-CV-01725 BLF

1

**D.      Binding Effect of the Joint Pretrial Statement and Order**

2      *The foregoing admissions having been made by the parties, and the parties having*

3   *specified the foregoing issues of fact and law remaining to be litigated, this order shall*

4   *supplement the pleadings and govern the course of trial of this action, unless modified to prevent*

5   *manifest injustice.*

6   Dated: February 16, 2017

7

8

9      /s/ H. Michael Brucker                               /s/ Michael J. Waters
       H. Michael Brucker Law Corp.                    VEDDER PRICE P.C.
10     H. Michael Brucker                                  Alain Villeneuve (admitted *pro hac vice*)
       michael@hmblawoffice.com                      avilleneuve@vedderprice.com
11     5855 Doyle Street, Suite 110                     Michael J. Waters (admitted *pro hac vice*)
       Emeryville, CA 94608                               mwaters@vedderprice.com
12     T: +1 (510) 654 6200                               222 North LaSalle Street, Suite 2600
                                                                   Chicago, Illinois 60601-1003
13     Steven M. Kipperman Law Corporation      T: +1 (312) 609-7500
       Steven M. Kipperman                              F: +1 (312) 609-5005
14     220 Montgomery St. Ste. 1077
       San Francisco, CA 94104
15     T: +1 (415) 397-8600                              Vedder Price (CA), LLP
                                                                   Heather M. Sager, Bar No. 186566
16                                                               hsager@vedderprice.com
       Attorneys for Defendant                          275 Battery Street, Suite 2464
17     WOSS Enterprises, LLC                        San Francisco, California 94111
                                                                   T: +1 (415) 749-9500
18                                                               F: +1 (415) 749-9502

19                                                               Attorneys for Plaintiff
                                                                   FITNESS ANYWHERE LLC
20

21

22

23   It is so ordered except as modified by the Court in motions in limine and other pretrial orders
     issued by the Court.
24

25   DATED: March 7, 2017

26                                                               Hon. Beth Labson Freeman
                                                                   United States District Judge
27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -                          AMENDED JOINT PRETRIAL
                                          STATEMENT AND ORDER
                                          5:14-CV-01725 BLF