UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITNESS ANYWHERE LLC, | Case No. 5:14-cv-01725 BLF |
| Plaintiff, | **JURY VERDICT FORM** |
| v. | Hon. Beth Labson Freeman |
| WOSS ENTERPRISES LLC, | |
| Defendant. | |

## INSTRUCTIONS

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**FINDINGS ON PATENT INFRINGEMENT CLAIM**

1.    Has Fitness Anywhere proven by a preponderance of the evidence that every requirement of claim 1 of the '896 patent is included in WOSS Enterprises's accused products?

Yes ✓          No _____

If your answer to question 1 is "yes," go to question 2.  If your answer to question 1 is "no," go to question 4.


2.    Has the Fitness Anywhere proven by a preponderance of the evidence that WOSS Enterprises engaged in willful infringement of the '896 patent?

Yes ✓          No _____


**FINDINGS ON PATENT DAMAGES (IF APPLICABLE)**

If you answered "yes" to question 1, proceed to answer questions 3(a) and 3(b).  If you answered "no" to question 1, proceed to question 4.


3(a).    What lost profits, if any, did Fitness Anywhere prove by a preponderance of the evidence that Fitness Anywhere suffered as a result of sales it would, with reasonable probability, have made but for WOSS Enterprise's infringement?

$  5,750,000


3(b).    What amount, if any, has Fitness Anywhere proved by a preponderance of the evidence it is entitled to as a reasonable royalty?

$  191,156

Go to question 4.

1

### FINDINGS ON TRADEMARK INFRINGEMENT CLAIMS

2   4.   Has Fitness Anywhere proven by a preponderance of the evidence that WOSS

3   Enterprises infringed Fitness Anywhere's "Suspension Training" trademark?

4   Yes ___✓___        No _____

5   If your answer to question 4 is "yes," go to question 5.  If your answer to question 4 is

6   "no," proceed to question 8.

7

8   5.   Has WOSS Enterprises proven by a preponderance of the evidence that:

9   (a)   WOSS's use of the words "Suspension Trainer" or "suspension trainer"

10  was a "fair use" of Fitness Anywhere's "Suspension Training" trademark?

11  Yes _____        No ___✓___

12  (b)   WOSS's use of the words "Suspension Training" or "suspension training"

13  was a "fair use" of Fitness Anywhere's "Suspension Training" trademark?

14  Yes _____        No ___✓___

15  If your answer to either question 5(a) or 5(b) is "no," go to question 6.  If your answer to

16  both question 5(a) and 5(b) is "yes," go to question 8.

17

18  6.   Has Fitness Anywhere proven by a preponderance of the evidence that WOSS

19  Enterprises engaged in willful infringement of the Fitness Anywhere's "Suspension Training"

20  trademark:

21  Yes ___✓___        No _____

22  If your answer to question 6 is "yes," go to question 7.  If your answer to question 6 is

23  "no," go to question 8.

24

25

26

27

28

- 3 -

7.      What amount, if any, has Fitness Anywhere proved by a preponderance of the evidence it is entitled to as damages due to WOSS Enterprises's infringement of Fitness Anywhere's "Suspension Training" trademark?

$_____820,220_____

Go to question 8.

8.      Has Fitness Anywhere proven by a preponderance of the evidence that WOSS Enterprises infringed Fitness Anywhere's "Suspension Training" and/or "Fitness Anywhere" trademarks through WOSS Enterprises's use of "Suspension Fitness"?

Yes _____            No __✓__

If your answer to question 8 is "yes," go to question 9.  If your answer to question 8 is "no," go to question 11.

9.      Has Fitness Anywhere proven by a preponderance of the evidence that WOSS Enterprises engaged in willful infringement of Fitness Anywhere's "Suspension Training" and/or "Fitness Anywhere" trademarks through WOSS Enterprises's use of "Suspension Fitness"?

Yes _____            No _____

If your answer to question 9 is "yes," go to question 10.  If your answer to question 9 is "no," go to question 11.

10.     What amount, if any, has Fitness Anywhere proved by a preponderance of the evidence it is entitled to as damages due to WOSS Enterprises's infringement of "Suspension Training" and/or "Fitness Anywhere" trademarks through WOSS Enterprises's use of "Suspension Fitness"?

$_____

1

## FINDINGS ON UNFAIR COMPETITION CLAIM

2      11.    On Fitness Anywhere's unfair competition claim, did Fitness Anywhere prove by

3    a preponderance of the evidence that WOSS Enterprises unfairly competed with Fitness

4    Anywhere?

5                    Yes _____         No ✓

6

7

8

9          You have now reached the end of the verdict form and should review it to ensure it

10    accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date

11    the verdict form in the spaces below and notify the Security Guard that you have reached a

12    verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the

13    jury is brought back into the courtroom.

14

15

16    DATED: 03/22/2017, 2017          By: _____

17                                         Presiding Juror

18

19

20

21

22

23

24

25

26

27

28