UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WOSS ENTERPRISES LLC,<br><br>　　　　　　Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER DENYING FITNESS ANYWHERE'S MOTION FOR LEAVE TO FILE FOR RECONSIDERATION** |

Eight and a half months ago, on August 23, 2016, the Court granted in part and denied in part Defendant Woss Enterprises LLC's ("Woss") motion for summary judgment, finding among other things that U.S. Patent No. 7,806,814 ("the '814 patent") was invalid as obvious under 35 U.S.C. § 103. ECF 149 ("Order"). Since then, the Court has held a seven-day jury trial on the sole patent that survived summary judgment, U.S. Patent No. 7,044,896 ("the '896 patent"). Concurrent with its briefing on post-trial matters relating to the '896 patent, Plaintiff Fitness Anywhere LLC ("TRX") brings this Motion for Leave to File for Reconsideration of the Finding of Invalidity of the '814 Patent. ECF 247 ("Mot."). For the reasons discussed below, TRX's motion is DENIED.

**I.　LEGAL STANDARD**

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7–9(b). Reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## II. DISCUSSION

TRX argues that it is entitled to reconsideration under Civil L.R. 7-9(b)(2) because there has been a "change of law occurring after the time of [the Court's summary judgment] order." In the Court's summary judgment order, it found that a person of ordinary skill in the art would have been motivated to modify U.S. Patent No. 7,090,622 (the "'622 patent") in light of the teachings of the '896 patent to produce the claimed invention of the '814 patent, reasoning:

> "When there is a design need or market pressure to solve a problem and ***there are a finite number of identified, predictable solutions***, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp." *KSR Int'l*, 550 U.S. at 420. Here, the '896 Patent directly taught an integrally attached loop created by passing the loop through a grip. The prior art thus directly taught the creation of an integrally attached loop by passing the loop through a grip. ***The addition of a second loop, which passed through the grip, combines simple elements disclosed in prior patents.*** *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc*, 555 F.3d 984, 993 (noting that the obviousness inquiry must take account of the "routine steps" that a person of ordinary skill in the art would employ). There is also no evidence that the prior art teaches away from the addition of a second loop passing through the grip. The Court finds that to a person of ordinary of skill in the art with knowledge of the prior art described here, the addition of a second integrally attached loop ***would have been obvious***. *KSR Int'l*, 550 U.S. at 420. ("Common sense teaches, however, that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.").

ECF 149 at 21 (emphasis added). TRX contends that the three bolded portions of this excerpt have since been called into question by three recent Federal Circuit decisions. Mot. 3-5.

As an initial matter, the Court is skeptical that TRX exercised "reasonable diligence in bringing [its] motion." Civ. L.R. 7-9(b). The Court issued its summary judgment decision on August 23, 2016, eight and a half months ago. ECF 149. Although two of the three recent Federal Circuit decisions that TRX cites as the basis for its motion issued within the past three months (and the other issued within the past year), the principles they implicate are older. Thus, if TRX

2

had concerns about the legal principles guiding the Court's summary judgment decision, it seems it could have raised them sooner. Further, two of these three recent decisions issued before the Court held its February 23, 2017 final pretrial conference, so TRX could have raised at least these concerns before trial. Nevertheless, because these three decisions are, technically speaking, recent decisions that issued "after the time of [the Court's summary judgment] order," Civ. L.R. 7-9(b)(2), the Court will not reject TRX's motion on the basis of diligence alone. Instead, the Court proceeds to TRX's arguments about the three bolded portions of the Court's summary judgment order and determines whether TRX is correct that, with respect to each, there has been a "change of law occurring after the time of [the Court's summary judgment] order" that warrants leave to move for reconsideration under Civil L.R. 7-9(b)(2).

First, TRX suggests that the Court's use of the phrase "would have been obvious" reflects an understanding that, when two references can be combined to create a combination, they render that combination obvious.[1] Mot. at 3. TRX argues that the Federal Circuit's decision in *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987 (Fed. Cir. 2017) changed the law to clarify that "'it is not enough' that two references 'could' or 'would have allowed for' the combination." Mot. at 3 (quoting *Pers. Web Techs.*, 848 F.3d at 994). The Court disagrees that *Pers. Web Techs.* qualifies as a "change of law occurring after the time of [the Court's summary judgment] order." Civ L.R. 7-9(b)(2). To the contrary, Federal Circuit decisions predating the Court's order—including two that are cited in the block quote from *Pers. Web Techs.* that TRX includes in its motion—have set forth this same principle. *See, e.g.*, *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015) ("[O]bviousness concerns whether a skilled artisan not only could have made but would have been motivated to make the combinations or modifications of prior art to arrive at the claimed invention."). Thus, TRX is not entitled to leave to move for

---

[1] The Court disagrees with TRX's understanding of its summary judgment order. Instead, the Court's entire discussion about motivation to combine (including the portion specifically excerpted by TRX) reflects an understanding that it is not enough for it to be possible for a skilled artisan to combine two references, but that skilled artisan must have been motivated to do so. *See* Order at 19-23. Further, Court observed in its discussion of its legal framework that "[a]n obviousness challenge can be based on a combination of multiple references but the burden falls on the challenger to show that a skilled artisan would have had a motivation to combine the references." Order at 5.

3

reconsideration on this basis.

Second, TRX points to the phrase "there are a finite number of identified, predictable solutions" as suggesting that missing claim elements from the prior art could be "filled in" in an obviousness analysis "because a skilled artisan could envision them."[2] Mot. at 4. TRX argues that the Federal Circuit's decision in *Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co. Ltd*, 851 F.3d 1270 (Fed. Cir. 2017) changed the law to hold that "finite number of identified, predictable solutions" only refers to solutions that already exist in the art. Mot. at 4. The Court disagrees with TRX's reading of *Nidec*. *Nidec* was a decision on anticipation (not obviousness), and one that reinforced one of the most fundamental principles in the law on anticipation: that "each and every limitation" must be expressly or inherently found in the prior art reference. *Nidec*, 851 F.3d at 1273-74. Thus, *Nidec* says nothing about whether "finite number of identified, predictable solutions"—an obviousness rationale—must only refer to solutions that already exist in the art. On the contrary, anticipation and obviousness are fundamentally different questions, and claims can be obvious even when some of their elements are not precisely disclosed in the prior art. *Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1335 (Fed. Cir. 2016) ("A claimed invention may be obvious even when the prior art does not teach each claim limitation, so long as the record contains some reason why one of skill in the art would modify the prior art to obtain the claimed invention."). Accordingly, *Nidec* also does not constitute a "change in law" under Civil L.R. 7-9(b)(2) and TRX is not entitled to leave to move for reconsideration on this basis.

---

[2] Again, the Court disagrees with TRX's interpretation of its summary judgment order. The Court's discussion reflects the broader principle that "section 103 requires a fact-intensive comparison of the claimed process with the prior art rather than the mechanical application of one or another per se rule." *In re Ochiai*, 71 F.3d 1565, 1571 (Fed. Cir. 1995); *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012) ("the overall inquiry must be expansive and flexible") (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415, 127 S. Ct. 1727, 1739, 167 L. Ed. 2d 705 (2007)); *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1089 (Fed. Cir. 2008) ("The determination of obviousness is dependent on the facts of each case."). Thus, the Court did not determine that certain missing claim elements were nevertheless disclosed in the prior art "because a skilled artisan could envision them," Mot. at 4, but instead conducted the typical § 103 analysis of taking the claim elements that were disclosed in the prior art and then determining whether "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains," 35 U.S.C. § 103.

Finally, TRX points to the Court's statement that "[t]he addition of a second loop, which passed through the grip, combines simple elements disclosed in prior patents," and argues that the Federal Circuit's decision in *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034 (Fed. Cir. 2016) cast a shadow on this statement because it "held that presenting the [sic] 'motivation to combine' references was a question of fact for the jury." Mot. at 4-5. The Court finds that here too TRX has failed to identify a "change in law" under Civil L.R. 7-9(b)(2). It has long been the case that motivation to combine is a question of fact, so the Federal Circuit's articulation of this principle in *Apple* is not a "change in law." To the extent that TRX suggests that *Apple* newly holds that motivation to combine must be resolved by the jury (and not by the Court on summary judgment), this is simply incorrect. Indeed, the Federal Circuit has continued to affirm finding obviousness at summary judgment since its decision in *Apple*. *See, e.g.*, *3form, Inc. v. Lumicor, Inc.*, No. 2016-1535, 2017 WL 443652, at *6 (Fed. Cir. Feb. 2, 2017). Thus, TRX's third basis also does not entitled it to leave to move for reconsideration.

In sum, TRX has not shown that there has been a "change of law occurring after the time of [the Court's summary judgment] order." Civ. L.R. 7-9(b)(2). Accordingly, TRX's motion for leave to move for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: May 8, 2017

_____
BETH LABSON FREEMAN
United States District Judge

5