**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FITNESS ANYWHERE LLC,<br>　　　　Plaintiff,<br>　v.<br>WOSS ENTERPRISES LLC,<br>　　　　Defendant. | Case No. 14-cv-01725-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO INVALIDITY OF U.S. PATENT NO. 7,806,814**<br><br>[Re: ECF 281] |

Before the Court is Plaintiff Fitness Anywhere LLC's ("TRX") motion for reconsideration of the Court's August 23, 2016 Order (ECF 149) granting in part Defendant Woss Enterprises LLC's ("Woss") motion for summary judgment, which invalidated for obviousness U.S. Patent No. 7,806,814 ("'814 Patent"). *See* Mot., ECF 281. For the reasons stated herein, the Court GRANTS reconsideration and withdraws the portion of its prior Order invalidating the '814 Patent as obvious. Woss's motion for summary judgment is DENIED with respect to its argument that the '814 Patent is invalid. Because TRX represented at the October 5, 2018 case management conference that it would not pursue its '814 infringement claims against Woss should the Court grant reconsideration, the Court does not reconsider any portion of its Order relating to Woss's infringement of the '814 Patent.

**I.　BACKGROUND**

Through this action, TRX sues Woss for patent infringement, federal trademark infringement, federal and state unfair competition, and tortious interference with prospective economic relationships. *See generally* Am. Compl., ECF 46. TRX sells fitness-related products under the TRX brand, including, as is relevant here, resistance exercise bands. *See id.* Woss also sells fitness-related equipment, and TRX alleged that Woss's products infringe three of TRX's

patents, as well as TRX's trademarks.

The case progressed, and Woss moved for summary judgment, arguing in part that TRX's '814 Patent is invalid as obvious primarily in light of two prior art references: U.S. Patent No. 7,044,896 ("'896 Patent") and U.S. Patent No. 7,090,622 ("'622 Patent"). *See* MSJ at 2–10, ECF 122. In support of its motion, Woss submitted the expert report of Dr. Glen Stevick. *See* MSJ, Ex. 4, ECF 122-4. However, Woss later withdrew this report and any reference thereto in its motion. *See* ECF 129. TRX opposed the motion, submitting in support of its opposition the declaration of Randy Hetrick, the inventor of both prior art patents and the '814 Patent. *See* Hetrick Decl. ISO MSJ Opp., ECF 130-2.

The Court granted this portion of Woss's motion for summary judgment, holding that the '814 patent was invalid as obvious in light of the '622 Patent as modified by the '896 Patent. *See* Order at 4–24, ECF 149. The Court first determined that the person of ordinary skill in the art ("POSITA") was an "ordinary layman of average intelligence who is aware of the prior art," a definition that is more favorable to TRX as the non-moving party. *See id.* at 9. The Court also held that claim 1 of the '814 Patent could serve as a representative claim of the patent for the purposes of obviousness. *Id.* at 19. Next, the Court found that "the fundamental difference between the '814 Patent and the prior art is 'a second loop attached to said hand grip, where said second loop is a continuous loop which passes through said hand grip'" *Id.*

As to the prior art, the '896 Patent teaches that a hand grip can be formed with a loop passing through the grip and that the hand grip can be integrally attached. *Id.* at 20 (citing '896 Patent at Fig. 4, ECF 122-6). The '622 Patent, for its part, teaches a second loop and grip, but does not teach attaching them integrally to the exercise device, but rather teaches "a removable method 'to provide[] for a greater number of possible exercises.'" *Id.* at 21 (alteration in original) (quoting Mot., Ex. B ("'622 Patent") at Abstract, ECF 281). The Court then concluded that there were reasons why a POSITA would want to improve on the '622 Patent by integrally attaching the second loop and grip, and that doing so required only "combin[ing] simple elements disclosed in the prior patents." *Id.* Finally, The Court held there was "no evidence that the prior art teaches away from the addition of a second loop passing through the grip." *Id.* Given these facts, the

2

Court held that the addition of a second integrally attached loop would have been obvious to a POSITA. *Id.*

The Court also rejected each of TRX's arguments in opposition. First, it rejected TRX's argument that Woss had failed to provide evidence from a POSITA because such evidence is not required where the technology is easily understandable. *See id.* at 22. Next, it held that it was TRX's burden to establish secondary considerations of obviousness, not Woss's, so Woss's failure to provide evidence to address these considerations was not determinative. Third, the Court refused to consider the declaration of TRX's inventor to support its POSITA arguments. *Id.* And finally, it held that though the Patent and Trademark Office ("PTO") considered this prior art in the patent's prosecution, this was not dispositive because Woss had put forth a *prima facie* case of obviousness. *Id.* at 23. It also held that TRX failed to meet its burden to provide evidence of secondary considerations of obviousness because the inventor's declaration did not sufficiently tie the company's commercial successes to the invention, and because the declaration contained "subjective evidence" that could not be considered as objective indicia of non-obviousness. *Id.* at 24.

The case proceeded to trial, and the jury found Woss liable for trademark infringement and infringement of the '896 Patent. *See* ECF 235. After this verdict was rendered, Woss informed the Court that it had filed for Chapter 7 Bankruptcy. *See* ECF 253. All post-verdict deadlines were continued in light of the automatic stay in the bankruptcy case. *See* ECF 254. After the automatic stay was lifted, TRX filed a motion for leave for reconsideration of the Court's Order invalidating the '814 Patent. *See* ECF 281. On October 10, 2018, the Court granted leave to file a motion for reconsideration and construed TRX's motion for leave to be its motion for reconsideration. *See* ECF 292. Woss did not file a timely opposition to the motion. Final judgment has not yet been issued in this case.

**II. LEGAL STANDARD**

Trial courts have the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to the entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to

3

1 alter or amend judgment under Rule 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

### III. DISCUSSION

Having reviewed the relevant briefing, the Order, the underlying patents, and the evidence in support of and in opposition to Woss's motion for summary judgment, the Court agrees with TRX that reconsideration of the Order is appropriate because Woss failed to provide sufficient evidence to support a finding of obviousness.

The relevant legal standard for summary judgment and invalidating a patent as obvious are set forth in detail in the Order. However, the Court reiterates a few key points here. As the summary judgment movant seeking to invalidate a patent, Woss faces a heavy burden on multiple fronts. First, Woss must demonstrate obviousness by clear and convincing evidence. *See Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963, 968 (Fed. Cir. 2006). Not only that, but where, as here, a prior art reference was considered by the PTO during prosecution, the reference may be accorded less weight. *See PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1366 (Fed. Cir. 2007). And whether there is only one or more than one prior art references, the burden falls on the movant to show that a POSITA would have been motivated to combine the elements of the references or the embodiments therein or that common sense would have led a POSITA to supply a claim limitation missing from the prior art. *See In re Stepan Co.*, 868 F.3d 1342, 1346 n.1 (Fed. Cir. 2017); *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1363 (Fed. Cir. 2016), *cert. denied sub nom. Google Inc. v. Arendi S.A.R.L.*, 137 S. Ct. 1329 (2017).

Despite this burden, Woss failed to introduce any evidence to support its obviousness

4

United States District Court
Northern District of California

1 arguments, instead relying on the "simplicity of the subject matter" for its argument that no expert

2 testimony was required. *See* MSJ at 8, ECF 122. But TRX persuasively argues that such evidence

3 was required in this case because common sense might not have led a POSITA to convert the

4 detachable second loop and grip from the '622 Patent into an integrally attached second loop and

5 grip, as Woss argued and the Court accepted as true. *See* Mot. at 5–6. Though the '814 Patent's

6 integral attachment of the second loop and grip apparently solved several perceived problems with

7 the '622 Patent's detachable handles (*see* Order at 21), it also ran directly counter to at least one of

8 the '622 Patent's alleged improvements over the prior art. As TRX notes, "the '622 Patent teaches

9 that using multiple add-on grip accessories is a benefit which greatly extends the utility of the

10 device." Mot. at 5; *see* Mot. at 5 n.14 ("The utility of the exercise device of the present invention

11 is greatly extended by providing a number of add-on grip accessories for the device, specifically

12 by providing alternative grip devices for attaching to the grips of the exercise device." (quoting

13 '622 Patent at 14:30–35)). Indeed, the Court recognized this functionality of the '622 Patent in its

14 Order. *See* Order at 19 ("[I]t teaches a removable method 'to provide[] for a greater number of

15 possible exercises.'" (quoting '622 Patent at Abstract)). What's more, this improvement was

16 made over the '896 Patent, which taught integrally attached loops that the '622 Patent to change.

17 In light of the teachings of the '622 Patent that detachable accessories improve

18 functionality, the Court cannot support a finding of obviousness in the absence of any evidence

19 whatsoever from Woss that a POSITA would have been motivated to invent away this

20 functionality. TRX is correct that to meet its burden Woss should have produced evidence

21 relevant to how a POSITA would view this change, including perhaps "how these products are

22 built and assembled, how they are stitched, if two of these straps can pass in these small handles,

23 or better yet, how installing one permanent foot strap could interfere with the use of other

24 accessories." Mot. at 8. This holding is especially warranted because the PTO considered these

25 references and found the '814 Patent not obvious. The references must be read in light of this

26 result.

27 To the extent Woss could arguably be said to have made a *prima facie* showing of

28 obviousness even without any supporting evidence, the Court must also consider TRX's evidence

5

of secondary considerations. Although this evidence is weak, it is not nothing. While TRX's chief executive officer is also the inventor of each of the relevant patents, his declaration provides some evidence as to secondary considerations, including that at the time TRX began selling its devices there were no other strap-based exercise devices available for sale on the market, that there were several alternative designs he attempted that were unsuccessful, and that the company experienced immense commercial success in the two years following the design change (although this success is at best correlated with the design change) and received numerous accolades. Hetrick Decl. ¶¶ 7, 14–18. Though such evidence alone would not overcome a strong *prima facie* showing of obviousness, it serves to counter the extremely weak (if existent) showing made by Woss here. *See* Mot. at 8–9.

For these reasons, the Court finds that Woss did not meet its burden of demonstrating by clear and convincing evidence that the '814 Patent is invalid for obviousness.

## IV. ORDER

In light of Woss's failure, the Court GRANTS TRX's motion for reconsideration of the relevant portion of its August 23, 2016 Order granting Woss's motion for summary judgment. The Court withdraws that portion of its Order declaring the '814 Patent invalid for obviousness. *See* Order at 4–24. Therefore, Woss's motion for summary judgment is DENIED with respect to the invalidity of the '814 Patent.

**IT IS SO ORDERED.**

Dated: October 25, 2018

_____
BETH LABSON FREEMAN
United States District Judge